No. 11.—WILLIAM J. STRAWN, (bearer,) plaintiff in error, *vs* ALFRED KERSEY, R. ROUSE, and E. H. WARREN, defendants in error.

If the cause of action comes under the Short Forms Act, it is sufficient to set it out in the language of the statute; and all things else necessary to a recovery, may be supplied by proof.

If the cause of action is defectively set out under the Act of 1847, the declaration may be amended.

Complaint in Lee Superior Court, before Judge ALLEN, April Term, 1857.

This was an action, brought under the form prescribed by Act of 1847, by William J. Strawn, against defendants, on the following instrument, to-wit:

"By the 6th day of April next, we, or either of us, promise to pay to Elbert Pitman, or bearer, four hundred and ninety-seven dollars, if by that time the meeting honse for which this note is given, is completed according to the contract signed by said Pitman of the same date of this note. This the 6th day of January, 1855.

<div style="margin-left: 2em;">
(Signed,)        ALF. KERSEY,<br>
        JAMES R. ROUSE,<br>
        E. H. WARREN."
</div>

After reading in evidence this note, plaintiff's counsel proposed to prove by a witness, John A. Dennard, that the work was not completed by the 6th of April, 1855, for the reason that the Steam Saw-Mill at which the lumber was to be sawed, was blown up, but that the house was finished soon afterwards, and accepted by the parties.

The Court rejected this evidence, and counsel for plaintiff excepted.

Counsel for plaintiff then moved to amend the declaration, by setting forth that after the work was completed, the parties accepted it under the contract, and promised to pay for it. The Court refused to allow the amendment, and plaintiff excepted.

Counsel for defendants then moved for a non-suit, which the Court granted, and plaintiff excepted, and assigns error on all said rulings and decisions.

WILLIAMS & HARPER; and McCOY & HAWKINS, for plaintiff in error.

WARREN; and LYON, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

It has been repeatedly held by this Court, that the proper construction of the Short Form Act of 1847, is, that if the cause of action comes under those Forms, it is sufficient to set it out in accordance with those Forms, and that all else may be supplied by proof. In a declaration at common law, the plaintiff would have to aver and prove performance of his contract, or allege, and show a legal excuse for his failure, before he would be entitled to recover. Not so here. It was proposed to be shown, that although the meeting-house, the building of which constituted the consideration for the note sued on, was not completed by the 6th of April, the time stipulated, owing to the blowing up of the Saw-Mill, which was to supply the lumber, still it was finished and

accepted, soon thereafter, which amounted to a waiver of the time when it was to have been completed.   But this testimony, the Court rejected.

Counsel for the plaintiff, then offered to amend his complaint, so as to let in the evidence; and this was refused by the Court.

Under the construction put upon the Act of 1847, the amendment was unnecessary.   But even at common law, or certainly under the Act of 1853, respecting amendments, this privilege would have been allowed the plaintiff.   And if his complaint was defective without it, it should not have been refused.

<div style="text-align: right">Judgment reversed</div>