THE PULLMAN PALACE CAR COMPANY *v.* MARTIN.

Whatever diligence a sleeping-car company may owe a passenger in guarding and protecting her while she is asleep in the berth assigned to her, with her money and personal jewelry in a satchel, she having the satchel beside her in the berth between herself and the wall of the car, if the company so negligently and carelessly guard and protect her while so sleeping that *through its negligence* the money and jewelry are stolen from her and thereby wholly lost, she has a cause of action. Although the declaration in the present case is defective in not setting forth any particular act of omission constituting negligence, yet as there was no special demurrer on that ground, and as the declaration is good in substance there was no error in overruling the demurrer to the declaration, upon which the court adjudicated.

June 5, 1893.

v 92-11

Action for damages.     Before Judge MacDonell.
City court of Savannah.     November term, 1892.

The declaration alleged: In Georgia on or about
March 2, 1892, plaintiff was a passenger, for hire paid by
her to defendant, on defendant's sleeping-car America,
from Chattanooga to Macon. By the contract of hir-
ing defendant undertook to use reasonable and proper
diligence in guarding and protecting her from loss by
theft while she slept during the usual hours of sleep in
the berth assigned to her on the car by defendant. She
had with her reasonable money and jewelry, to wit,
money to the amount of $35 and jewelry of the value
of $700. Upon retiring for the night upon the sleeper,
she put the money and jewelry in a satchel and placed
the satchel between her, as she lay in her berth, and the
wall of the car, and then went to sleep. Defendant so
negligently guarded and protected her while she was
thus sleeping, that through its negligence some person
unknown to her, while she was asleep and during the
night, took the money and jewelry from the satchel
without her knowledge and stole it, whereby it has been
wholly lost to her, to her damage $1,000.

Defendant demurred on the grounds set forth in the
opinion. The demurrer was overruled.

HENRY JACKSON and POPE BARROW, for plaintiff in
error. HARDEN, WEST & McLAWS, contra.

BLECKLEY, Chief Justice.

The declaration is defective in not setting forth any
particular act or omission constituting negligence in the
defendant company, but there was no demurrer on that
ground, and consequently no error in overruling the de-
murrer upon which the court adjudicated. The points
taken in the demurrer were as follows: (1) "The decla-
ration is not sufficient in law." This is a mere general
demurrer. (2) "It appears upon the face of the decla-

ration that the plaintiff, by her own carelessness, so far contributed to the injury that but for her carelessness it would not have been sustained." We see nothing in the declaration on which to rest this ground of the demurrer. The plaintiff seems to have been quite careful, and there is no disclosure or intimation to the contrary. (3) "Defendant is held to answer as a carrier in the declaration, and no breach of the contract of carriage is alleged, nor did defendant sustain to plaintiff the relation of carrier." The declaration alleges that the plaintiff was a passenger, for hire paid by her to the defendant, on the sleeping-car "America" of the said defendant, from Chattanooga to Macon, by which contract of hiring the defendant undertook to use reasonable and proper diligence in guarding and protecting her from loss by theft while she slept during the usual hours of sleep in the berth assigned to her by the defendant, on the car. The defendant is not mentioned or described as a carrier, and there is no contract of carriage alleged. The fair import of the allegations is that there was a contract for sleeping-car accommodations, and for care and diligence by the company while the plaintiff occupied the berth assigned her. Calling herself a passenger was only conforming to the general use of language applicable to one traveling by railway in a sleeping-car. We are only replying to this ground of demurrer, and not deciding whether a sleeping-car company is a carrier and liable as such or not. (4) "Defendant is not liable in law as an innkeeper is liable, and there is no allegation showing any want of ordinary care on the part of defendant towards plaintiff." It is not essential to a recovery that the defendant should be held liable as an innkeeper is liable, and there is an allegation that the defendant was negligent and by its negligence caused the plaintiff's loss. There could be no negligence without the absence of that degree of

care, whatever it was, which it was the duty of the defendant to exercise. And the declaration alleges an undertaking by the defendant substantially as recited above, and that it so negligently.and carelessly guarded and protected the plaintiff that through its negligence her money and jewelry were stolen from her and thereby wholly lost. We hold that the declaration is good in substance, the test of this being whether the defendant could admit all that is alleged and escape liability. To what measure of diligence the company must conform will be for determination at the trial, but if, as the declaration alleges, it undertook for hire to use reasonable and proper diligence and yet was negligent and that negligence occasioned the loss, we see not why there is any want of a substantial cause of action. The negligence alleged should be understood, we think, as the opposite of that degree of diligence which the company was bound to exercise, for nothing but a failure in that degree would constitute negligence at all, since whoever comes up to the degree of diligence required of him stands acquitted of any negligence whatever relatively to the matter in issue. The court committed no error in overruling the demurrer.

*Judgment affirmed.*