## GEORGIA RAILROAD AND BANKING CO. *v.* RAYFORD.

The petition being in substance sufficient, there was no error in overruling a general demurrer thereto.

Submitted May 1, — Decided July 19, 1902.

Action for damages. Before Judge Lumpkin. Fulton superior court. December 20, 1901.

*Joseph B. & Bryan Cumming* and *Sanders McDaniel*, for plaintiff in error. *F. W. Burruss* and *P. F. Smith*, contra.

FISH, J. George Rayford sued the Georgia Railroad and Banking Company, and the case is here upon exceptions to the overruling of a general demurrer to the petition. The allegations of the petition, material to the consideration of the attack made upon it, are, that the petitioner and several other laborers, all in the employment of the defendant company, and under the charge and direct supervision of one Asbury, an agent of the defendant, were engaged in moving certain steel rails from one car to another; that

Asbury pointed out a certain rail, and directed petitioner to assist in moving it; that petitioner complied with such direction, and when the rail was lifted, the moving of it caused one of the other rails in the pile to roll down on the petitioner's foot, crushing it, causing him great pain and rendering him unable to work for several months; that his injuries were due to no negligence or carelessness on his part, but were caused by the carelessness and recklessness of Asbury; that "Asbury by exercising the slightest care or caution could have seen that it was dangerous for petitioner to lift the rail as ordered, and . . he could have prevented petitioner from getting injured, but . . it was impossible for petitioner to see, from his position, that it was not safe to obey the order given him." The contentions of the plaintiff in error are, that the petition shows the work which petitioner was directed to perform was such as the most ordinary intelligence could comprehend; that one man, as well as another, could see the danger of disturbing the equilibrium of the pile of rails by moving one of them; that if the foreman by the slightest care or caution could have seen that it was dangerous for petitioner to lift the rail, the petitioner could certainly have done likewise, and if he could not, he should have plainly and distinctly alleged sufficient reason to excuse himself for not knowing what could be so easily seen; that the general statement that petitioner could not see the danger "from his position" was not sufficient; and that the sufficiency of the petition should not be determined by an isolated allegation, but all parts should be construed together. The answer to these contentions is, that the petition alleged "it was impossible for petitioner to see, from his position, that it was not safe to obey the order given him." This allegation, though general, surely assigned a sufficient reason in substance why the petitioner could not comprehend the danger which was so apparent to the foreman. The general demurrer went to the substance only of the petition, making the point that the petition was essentially insufficient in law, and not that it was merely formally defective. If the railroad company desired more specific information as to the position of the petitioner when he was injured, and the reasons in detail why, from his position, he could not see the danger, it should have specially demurred. The petition, we think, was sufficient in substance, the test of this being whether the defendant could admit all that was alleged and escape liability. There

was no error in overruling the demurrer.    Some of the decisions of this court which support the ruling now made are, *Eagle & Phenix Co.* v. *Welch,* 61 *Ga.* 444; *Pullman Car Co.* v. *Martin,* 92 *Ga.* 161; *Western Union Tel. Co.* v. *Jenkins,* Ib. 398; *Bank* v. *O'Neal,* 101 *Ga.* 673; *Blackstone* v. *Central Ry. Co.,* 105 *Ga.* 380; *South Carolina & Georgia Railroad Co.* v. *Augusta Southern Railroad Co.,* 111 *Ga.* 420.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*