## THOMSON DEVELOPMENT COMPANY *v.* CRUTCHFIELD.

1. The demurrers, so far as they were meritorious, were met by proper amendment.

2. It was not error to refuse to sustain the oral motion to strike the petition, which was in effect the same as the general demurrer previously overruled. The plaintiff proved his case as laid, and it would have been error to award a nonsuit.

3. The finding of the trial judge, to whom was submitted, by consent of

Pleading 31 Cyc. pp. 83, n. 16; 101, n. 93 New; 466, n. 32; 621, n. 68.
Tenancy in Common 38 Cyc. pp. 20, n. 84; 94, n. 13.
Trial 38 Cyc. p. 1557, n. 21.
Wills 40 Cyc. pp. 1386, n. 85; 1476, n. 95; 1479, n. 7; 1861, n. 15 New.

counsel, all issues of both law and fact without the intervention of a jury, was correct, and the court did not err in overruling the motion for a new trial.

4. A devise in the will of a testator, "to the wife and children of Walter Crutchfield, my place on Briar Creek in Warren County, Georgia, containing 700 acres, more or less," conveyed to the wife and children of Walter Crutchfield then in life title in fee as tenants in common. Whether this language would open so as to take in afterborn children need not be decided, since it is admitted that the plaintiff was the eldest child of Walter Crutchfield by his first wife and was born before his father married the wife referred to in the will, who was his step-mother, and the plaintiff on his part does not contend that the rights of the later children of Walter Crutchfield, his half brothers and, or, sisters are not equal to his own in the decree construing the afore-mentioned devise.. The executor of the will was directed to deliver possession of the property in question to the wife and children of Walter Crutchfield, to be held by them as tenants in common during the life-time of the wife, with a provision for the further disposition of the ·property in a named contingency which might arise after the death of the wife. Regardless of the rights of the petitioner in the event of the contingency should the same arise after the death of the wife, the plaintiff, as a tenant in common, is entitled, during the life of the wife, to possession as a cotenant and to his share of the rents, issues, and profits as such cotenant, and therefore entitled to the writ of possession and the judgment for mense profits as found by the presid-ing judge.

No. 4702. December 19, 1925.

Complaint for land. Before Judge Shurley. Warren superior court. December 12, 1924.

*J. Glenn Stovall,* for plaintiff in error.

*J. P. Wilhoit,* contra.

Russell, C. J. On March 11, 1889, William Stevens made a will. On August 27, 1889, he added a codicil. William W. Stevens, executor of said will, offered the same for probate, and subsequently filed in Hancock superior court a petition for con-struction of said will, and a decree was rendered as appears in the record. It appears from the will that the testator had no chil-dren. He made various bequests, first to his wife, and then to the children of his deceased brothers and the children of his de-ceased sisters, and likewise a legacy and an annuity to his living brothers. A consideration of these various items of the will is immaterial, except item five relating to the children of his de-ceased sister, Mrs. Jane Crutchfield. The plaintiff in the lower court, defendant in error here, is the grandson of the testator's sister, Mrs. Jane Crutchfield, and a son of Walter Crutchfield,

29

who was a son of Mrs. Jane Crutchfield. Item five of the will, so far as it relates to the parties in this case, is as follows: "I give and bequeath to the children of my deceased sister, Mrs. Jane Crutchfield, the following property, to wit: . . To the wife and children of Walter Crutchfield my place on Briar Creek in Warren County, Georgia, and containing about seven hundred acres, and $300.00." The will is very long, and includes numerous legatees and various conditions as to the various persons who are made the recipients of the testator's bounty, but this is the only reference to the children of Walter Crutchfield as one of the sons of the testator's deceased sister, Mrs. Jane Crutchfield, in either the will or the codicil. In the decree for the construction of the will to which we have referred it was ordered that "The money or legacy of three hundred dollars devised to the wife and children of Walter Crutchfield in said 5th item, less said charge of attorney's fees, shall be paid by said executor to said Walter Crutchfield for permanent improvements placed by him on the land mentioned in said item 5th in Warren County, Georgia, containing about 700 acres; said land shall be delivered by said executor to the wife and children of said Walter Crutchfield, to be held by them in common during the lifetime of said wife, and at her death to pass absolutely to such children and grandchildren as she may leave surviving her—grandchildren to take per stirpes; and in the event she dies leaving no children nor grandchildren, then to pass to the children and grandchildren of testator's sister Jane Crutchfield, the grandchildren taking per stirpes."

William Walter Crutchfield brought a petition against the Thomson Development Company, alleging that the petitioner and the Thomson Development Company are joint owners in common of a certain tract of land known as the old Stevens place, containing seven hundred acres, more or less, which is described in the petition and which is admitted to be the same tract of land mentioned in item five of the will of William Stevens. The petitioner alleged that he was the owner of a one-seventh interest in the land and that the defendant was the owner of a six-sevenths interest. It is alleged, and admitted in the answer, that William Stevens, the testator, was the owner of said land and was the common grantor from whom sprang title both to the petitioner and the defendant, and that he died seized and possessed of the premises about the year 1889. The petitioner alleged that William Stevens by will

devised the above-described land to "the wife and children of Walter Crutchfield," that on or about the year 1891 the executor of the will assented to the vesting of the legacy in the above-mentioned legatees, and that this petitioner, a child of Walter Crutchfield, together with his father, stepmother, and half brothers and sisters, remained in possession of the premises until March 13, 1920, when Thomson Development Company, "which had recently purchased the interests originally owned by his stepmother and his five half brothers and sisters, entered on said lands and with force and arms took possession of all of said land," and that they have received all rents, issues, and profits since that time. The petition then alleged in several paragraphs that the Thomson Development Company is cutting and removing timber amounting to one million feet from the land, and that they have collected approximately $571.40 in rents, and that the defendant fails and refuses to deliver petitioner possession of any portion of the land or to pay him any portion of the rents as a tenant in common. He prayed to recover a one-seventh interest in the seven hundred acres of land, and a judgment for $1285.68 for his share of the rents collected and timber cut by his cotenant, the Thomson Development Company. A demurrer to the petition was filed on September 19, 1924, but, as appears from the record, no action was taken upon this by the court. The defendant answered, admitting possession of the premises in dispute, alleging that the land was conveyed to the defendant by deed dated March 13, 1920, and denying that the petitioner has any right, title, interest or claim in or to the land or to the possession of same or any part thereof. The answer also set up that petitioner never did object, nor did he have any right to object, to the defendant's entry upon the realty under deed from W. C. McCommons. The defendant admitted that it had been in exclusive possession of the land since March 13, 1920, and averred that petitioner had not made a demand and had no right to make a demand upon defendant for any of said land or any portion of it or any possession of said land. The defendant admitted the cutting of the timber at its pleasure as owner, but denied that the quantity cut was as large as that alleged by the petitioner. Defendant likewise denied any right on the part of the plaintiff to any share of the rents, but also alleged that if he were entitled to any por-

tion thereof the rents were much smaller than alleged in the petition. The plaintiff amended the petition by setting up that his father, Walter Crutchfield, died on or about the year 1904, and by attaching to the petition a copy of the will of William Stevens. The cause was submitted to the trial judge without the intervention of a jury, upon an agreed statement of facts, to which was attached a copy of the decree rendered in Hancock superior court in the petition of William Walter Stevens, executor of the will of William Stevens, for the construction of that instrument. The agreed statement of facts was as follows:

"1. It is agreed that the defendant is a corporation, and that R. A. Kunnes is its president. 2. Further agreed that Wm. Stevens, of Hancock County, Georgia, died seized and possessed of certain real estate, including the following: 700 acres of land, located on Brier Creek, in Warren county, Georgia, being the lands referred to in this suit. 3. That said Wm. Stevens left a will, item fourth of which disposed of said land. Copy of will attached as exhibit A. 4. That Wm. W. Stevens, executor of said will, offered said will for probate, and subsequently filed in Hancock superior court, his petition for construction of said will; and upon consideration by said court of said petition, a decree was rendered, a copy of which is attached, marked exhibit B. 5. Item fifth of the will bequeathed '700 acres of land and $300 to the wife and children of Walter Crutchfield.' Plaintiff in this suit is the son of said Walter Crutchfield by his first wife, who was dead at the time the will was offered for probate. 6. After said decree was rendered by said superior court, and pursuant to same, said land was delivered by said executor 'to the wife and children of Walter Crutchfield' (meaning by 'wife,' Jane Crutchfield), the second wife of said Walter Crutchfield, and whom it is agreed is in life at the present time, 'to be held by them in common during the life of the said wife, and at her death to pass absolutely to such children and grandchildren as she may leave surviving her, the grandchildren to take per stirpes, and in the event she dies leaving no children nor grandchildren, then to pass to the children and grandchildren of testator's sister, Jane Crutchfield, the grandchildren taking per stirpes. Any residue of said estate there may be for said Walter Crutchfield's wife and children shall likewise be so invested in lands or other good securities to be

selected by her and the said executor, subject to the same limitations. 7. It is further agreed that Walter Crutchfield Sr. (son of Jane Crutchfield, sister of testator) had only one child by his first marriage, to wit, plaintiff in this case, and that he had five children by his second wife. And that said Walter Crutchfield Sr. is dead, having died some twenty years ago. 8. It is further agreed that the plaintiff in this suit was about three years old at the time of the filing of the petition by the executor for a construction of the will of William Stevens, deceased, in the superior court of Hancock county, as aforesaid, and that he is now thirty-six years old. 9. It is agreed that the sole questions for adjudication by the court are as follows: 'Is the plaintiff included in the heirs who inherit under item 5 of the attached will? If so, what estate does he inherit? When is he entitled to take same? Can he maintain this action at this time?' 10. It is agreed that, if plaintiff is entitled to recover the land, he is entitled to $228.00 as mesne profits."

Upon consideration of the case the trial judge rendered a judgment that the plaintiff recover of the defendant a one-seventh undivided interest in the land as sued for, and the sum of $228 as mesne profits, and directed a writ of possession in favor of the plaintiff.

1. We do not think that the court erred in overruling the demurrers, in denying the motion to dismiss the action, or in refusing to award a nonsuit. Two of the demurrers were met by amendment to which we have already referred. In the second ground of the demurrer it is contended that paragraph three of the petition sets forth no reason as to how or why title is claimed "by the defendant in the land sued for, but merely sets forth a pleader's assumption of title, without alleging any sufficient estate, which is insufficient notice to the defendant, and which is insufficient upon which to base a recovery against the defendant." The fourth paragraph of the petition is demurred to because it shows no title in petitioner to the land sued for, shows no basis for title, no particular estate claimed, and is no more than a bare conclusion. Neither of these objections is meritorious. The third paragraph states as a fact that the petitioner and the Thomson Development Company are joint owners in common of a certain tract of land therein described, and the fourth paragraph states that the share and interest of the petitioner is one

seventh and the share and interest of the defendant is six sevenths of said land. In all pleading the petition is construed as a whole. If in no part of the petition there were a statement as to how and why petitioner claimed title, and if the basis of the title were not shown in any part of the declaration, these two paragraphs might be subject to the objections made; but no plaintiff is required to repeat a material portion of his allegation more than once, and the plaintiff was fully entitled to reserve these statements, as he did, to a later portion of the petition, in which is alleged the origin and basis of his title in such a plain and distinct manner as to entitle him to recover unless the defendant by denial raised an issue as to the point. By amendment the petitioner attached to the petition a copy of the will of William Stevens, and the sixth paragraph of the petition alleges that William Stevens by will devised the lands in question in this case to "the wife and children of Walter Crutchfield." By reference to the will it plainly appears that the devise to the wife and children of Walter Crutchfield conveyed title in fee simple and as tenants in common to the wife and children of Walter Crutchfield, and it appears from the petition that the plaintiff in this case is one of these children. So that there is no point in the demurrers. The sixth ground of the demurrer, based upon the ground that the petition sought to establish title without attaching the will or a copy thereof, was met by amendment attaching a copy of the will, as already stated; and this would have entitled the petitioner to enter the premises, which are fully described in the will, as a tenant in common. All tenants in common have equal rights of possession of land granted in common. We think that after its amendment the petition plainly, clearly, and distinctly set forth that the petitioner was a grandson of the testator's sister, Jane Crutchfield, mentioned in item five of his will. The will, properly construed, made this child of Walter Crutchfield, who was in life at the time of the execution of the will, a tenant in common with whomever was the wife of Walter Crutchfield (even if she was childless) and any other child or children, of Walter Crutchfield, and from the statement in the petition that the petitioner, as the grandson of Jane Crutchfield and one of the children of Walter Crutchfield, was, as such, entitled to a one-seventh interest in the tract of land, it can be easily apprehended by any one in the slightest degree familiar with mathematics that he

had five brothers and sisters. The sex of the five is a matter of legal immateriality.

2. In view of what has been said as to the ruling of the court upon the general demurrer and the several special demurrers, there was no error in refusing to sustain the oral motion to strike the petition, which is merely the equivalent of a general demurrer not reduced to writing, and, as we shall make plain in ruling upon the merits, the plaintiff had proved his case as laid, and therefore was not subject to the mechanical process of having his case "chopped off short," as that phrase was defined by Chief Justice Bleckley, in *Vickers* v. *A. & W. P. R.,* 64 *Ga.* 308.

3. The court did not err in his finding under the law applicable to the case. It is admitted in the agreed statement of facts that William Stevens died seized and possessed of the 700 acres of land located on Brier Creek in Warren county, Georgia, and that this land is that involved in the present suit. It is admitted that he left a will, evidenced by the copy of the will exhibited in the record. It is admitted that the plaintiff is a son of Walter Crutchfield by his first wife, who was dead at the time this will was offered for probate. This is an admission that the plaintiff was in life at the time the will was executed; and so far as appears from the record, though the plaintiff had a stepmother at the time the will was executed, there were no other children of Walter Crutchfield, the son of Jane Crutchfield, testator's sister, at the time that the will was executed or probated. The devise was not to Walter Crutchfield, but "to the wife and children of Walter Crutchfield," and not to the children of any particular wife, but to any and all children of Walter Crutchfield. There are no conditions or limitations on this devise, and under well settled rules there is no remainder. It is a devise in fee simple to the wife and child at that time living, beyond any question. It is not necessary now to decide whether the language was sufficiently broad to include any children that might have been born in the future to Walter Crutchfield, because the plaintiff concedes that each of his half brothers and sisters (these being all the children, besides himself, ever born to his father) is entitled to an equal share per capita in the devise as a whole.

Up to this point there can be no question that the plaintiff would be entitled to recover; but the plaintiff in error insists that a decree rendered by the superior court of Hancock county in the

construction of the will of William Stevens has imposed a limitation which prevents the accrual of any rights to the plaintiff in this case, if any rights he has, during the lifetime of his stepmother, the second wife of Walter Crutchfield, who, it is agreed, is still in life. The meaning of the clause of the decree, to view it most favorably to the plaintiff in error, is doubtful; but the doubt, under well-settled rules, must be settled by a construction of the will in accordance with the evidence as to the intention of the testator. It must be assumed that in construing the will the court intended to construe it correctly and in accordance with the intention of the testator as to the disposition of his own property. The attempt of the plaintiff in error is to construe the language of the decree so as to confine its operation only to the children of the second wife, and thus exclude the plaintiff in the court below from any benefits belonging to him under his granduncle's devise. We can not assume that such was the intention of the court; and properly construing the decree as having been made in accordance with the wishes of the testator, as it should have been, we find no difficulty in holding that the language decreeing that the "land mentioned in said item 5th in Warren County, Georgia, containing about 700 acres, . . shall be delivered by said executor to the wife and children of said Walter Crutchfield," necessarily refers to the same wife and children mentioned in the will, which we have already held can mean nothing else than that the present plaintiff is necessarily included within the word "children." In this plain view of the matter, the subsequent words, "to be held by them as tenants in common during the lifetime of said wife," would import nothing more than would have been the legal effect even if the court had never passed upon the same, except that the court for some reason intended to decree that the tenants in common should not sell the property as long as any of the children were minors, or that it should be kept together as a home for them as long as the wife of Walter Crutchfield lived, in order to preserve a home for the children. It is extremely doubtful whether the court could have done this, in view of the language used by the testator in his will. But. this question is not now before us; the plaintiff is bound by the judgment; and conceding that the court had the right to decree that a tenant in common should not sell his undivided interest until the occurrence of a certain contingency, the decree in terms decrees the

plaintiff's interest as a tenant in common in the 700-acre tract of land, and authorizes a sale upon the happening of the contingency. The cotenancy and the title of the plaintiff as such is fully established, but none of the cotenants can sell until the happening of the contingency. It can not be assumed that the court intended to render a decree wholly at variance with the testator's will, when called upon to construe its true meaning, especially when the decree, as we have shown, can be construed in accordance with item fifth of the will. This plaintiff is not asking that the land be sold. It is not necessary now to decide whether the provisions attempted to be engrafted upon the will by the latter portion of the decree which we have quoted may prevent a sale. The petition of the plaintiff asks no more than is accorded him by the decree itself, the rights of a tenant in common during the lifetime "of said wife." Under the decree, he is entitled to recover in this case, during the lifetime of his stepmother, the rights of a tenant in common, to wit, joint possession and his one-seventh interest in the rents, issues, and profits arising from the cultivation of the premises, as well as his one-seventh interest in the timber which has been or may be cut by his cotenants. What may be a proper construction of the language used by the superior court in its decree as to the children or grandchildren that may survive the living stepmother is not now involved. The plaintiff is entitled to joint possession with whomever may own the six-sevenths interest, and this right of possession may be a matter of no little importance to him as a grandson of Jane Crutchfield and to his children, should he have any, and he or they should be the last survivors as described in the decree. The court did not err in its judgment.　　　*Judgment affirmed. All the Justices concur.*