34306. HARVEY *v.* ZELL.
34307. MATHIS *v.* ZELL.
34308. BISHOP *v.* ZELL.
34309. NOLAN *v.* ZELL.
34310. NOLAN *v.* ZELL.

DECIDED NOVEMBER 10, 1952—REHEARING DENIED NOVEMBER 25, 1952.

284

*W. C. Hodges, Paul E. Caswell,* for plaintiffs in error.
*Oliver, Oliver & Davis,* contra.

CARLISLE, J.   1. (a) Questions of negligence and diligence, including contributory and comparative negligence, and of proximate cause, are peculiarly for the determination of the jury and are not to be solved by the court on demurrer except in clear and indisputable cases. *Columbus R. Co.* v. *Moore,* 29 *Ga. App.* 79 (113 S. E. 820); *Martin* v. *McAfee,* 31 *Ga. App.* 690 (2) (122 S. E. 71); *Blair* v. *Fulton Bakery,* 68 *Ga. App.* 879, 883 (24 S. E. 2d, 598).

(b) In an action for a tort the plaintiff need only allege the factum of a duty owed by the defendant to the plaintiff, a violation of that duty by the defendant, and that damages resulted therefrom in order for the petition to withstand a general demurrer. *Vickers* v. *Georgia Power Co.,* 79 *Ga. App.* 456 (54 S. E. 2d, 152); *Parsons* v. *Foshee,* 80 *Ga. App.* 127 (55 S. E. 2d, 386).

(c) In an action founded upon negligence, mere general averments of negligence are sufficient against general demurrer. *Hudgins* v. *Coca Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974).

(d) The simplest test of the sufficiency of a petition against general demurrer is whether the defendant can admit all that is alleged and still escape liability. *Georgia R. & Bkg. Co.* v. *Rayford,* 115 *Ga.* 937 (42 S. E. 234); *Pullman Palace Car Co.* v. *Martin,* 92 *Ga.* 161 (18 S. E. 364).

Under an application of the foregoing principles of law, we hold that the petition, even when it is construed most strongly against the pleader—as it must be on demurrer—stated a cause

of action, and the trial court erred in sustaining the general demurrer thereto.

Upon final analysis, the salient allegations of the petition are: that the defendant, through his employee, was negligent in servicing the plaintiff's gas tank while it was within 5 feet of his house, in violation of section B-5 (a) of the Rules and Regulations of the Georgia Safety Fire Commissioner, promulgated by authority of the Liquefied Petroleum Safety Act (Ga. L. 1949, p. 1128 et seq.), which requires that tanks of the description used by the plaintiff must be located a minimum distance of 10 feet from the nearest building; that, being located as it was, the plaintiff's tank was unsafe, and the defendant's filling it was in violation of section B-18 of the rules and regulations indicated above; and that, in violation of section B-11 of those same rules and regulations, the defendant filled the plaintiff's tank to 93 percent of its water capacity, when, under the provisions of section B-11, the tank of the description used by the plaintiff should have not been filled beyond 48 (53?) percent of its water capacity; and that, through these acts of negligence on the part of the defendant, the butane gas with which the tank was being filled overflowed the tank and escaped through the "pop valve," floated under and into the walls of the plaintiff's house, where it became ignited and exploded, causing the enumerated damages alleged. The plaintiff has characterized these acts of the defendant as gross negligence.

Natural gas is a dangerous agency. Its distribution is accompanied by many possible dangerous consequences, and it is therefore well established that a higher degree of care and vigilance is required in dealing with such agency than is required in the ordinary affairs of everyday life. A degree of care commensurate to the danger involved is required of a distributor of natural gas to avoid injury and damage and, in case of failure to exercise such care, he is liable. *Chisholm* v. *Atlanta Gas Light Co.,* 57 *Ga.* 29; *Atlanta Gas Light Co.* v. *Johnson,* 76 *Ga. App.* 413 (46 S. E. 2d, 191) ; *Atlanta Gas Light Co.* v. *Davis,* 80 *Ga. App.* 377 (56 S. E. 2d, 140). This rule also applies to a gas such as butane or other manufactured liquefied gases of the same character or kind. Clay *v.* Butane Gas Corp., 151 Neb. 876 (39 N. W. 2d, 813, 821).

Taking the allegations of the petition as true, as against the general demurrer, the defendant was negligent in filling the plaintiff's tank beyond the capacity fixed by the rules and regulations of the Fire Marshal; was negligent in filling the tank at all when it was in an unsafe condition—namely, when it was located within 5 feet of the plaintiff's house, whereas the rules and regulations of the Fire Marshal require that tanks of the description used by the plaintiff should not be located nearer than 10 feet from the nearest building. Whether these acts of negligence charged were the proximate cause of the explosion and the plaintiff's damage are questions for the determination of a jury. The fact that the plaintiff himself located the tank too near his house, and the fact that the defendant was unable to determine the quantity of gas in the tank, either at the beginning or at any stage of the filling operation, do not, we think, tend to exonerate the defendant, but rather were factors which should have put the defendant on guard against the dangers attendant upon attempting to fill such a tank. The defendant is the purveyor of the dangerous agency, and there was a duty upon him to exercise at least the standard of care established by the rules and regulations of the Fire Marshal. The plaintiff alleges that he did not; and, under the circumstances, we think that the trial court erred, as we have said, in holding that the petition did not state a cause of action.

The Liquefied Petroleum Safety Act authorized the Insurance Commissioner "to prescribe uniform regulations for the distribution, sale, and use of liquefied petroleum gases," but the rules promulgated, which are specifically in question here, are regulatory of the vendor and distributor, not the consumer. These duties were imposed upon the vendor and distributor, not upon the consumer.

The fact that the plaintiff characterized the alleged acts of negligence as gross negligence we think is immaterial on this determination of the sufficiency of the petition as against general demurrer.

*Judgments reversed. Gardner, P. J., and Townsend, J., concur.*