20233. JOHNSON *v.* JOHN DEERE PLOW CO. *et al.*

ARGUED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959—
REHEARING DENIED FEBRUARY 6, 1959.

*John H. Hudson, W. R. Hudson,* for plaintiff in error.

*John D. Jones, Smith, Field, Doremus & Ringel, Palmer H. Ansley, T. J. Long, Ben Weinberg, Jr., Greene, Neely, Buckley & De Rieux,* contra.

CANDLER, Justice. Mrs. Virginia M. Johnson brought an action for damages against the City of Atlanta, Southeastern Fair Association, John Deere Plow Company, and H. Candler Jones trading as Quality Farm Supply Company. Her petition as

finally amended contains two counts, each of which in substance alleges: Lakewood Park is an amusement and recreational area owned, managed, and sponsored by the defendant City of Atlanta and operated by it under a contract with the defendant Southeastern Fair Association, a corporation, and it is operated by them for private gain and profit. Prior to October 5, 1955, and pursuant to paragraph 2 of the operating contract between the city and the fair association, the latter entered into an agreement with the defendants John Deere Plow Company and H. Candler Jones, trading as Quality Farm Supply Company, by the terms of which they were permitted to display on the park or fair grounds during the 1955 session of the fair certain farming equipment, including a tractor, for inspection by the general public. Such contracting parties selected a place or location on the park or fair grounds suitable for the display and inspection of such farming equipment, and it was placed there by the defendants Plow Company and Jones. On October 5, 1955, the plaintiff, as an invitee of the proprietors of the premises and as one who had paid the admission fee charged by the defendant Southeastern Fair Association, attended the fair, and while sitting on a bench erected by the defendant Fair Association as a resting place for its patrons, the tractor which the defendants Plow Company and Jones had on display ran into the back of the bench on which she was sitting and against, upon, and over her, inflicting on her body several severe and permanent injuries.

All of the defendants, except the City of Atlanta, demurred to each count of the amended petition on both general and special grounds. The trial judge overruled all of the demurrers, and the Court of Appeals on review of the case held that the general demurrers, which the three defendants interposed to each count of the amended petition and which questioned the sufficiency of their allegations to state a cause of action for the relief sought, should have been sustained by the trial judge; but, as to the judgments overruling the special demurrers, it made no ruling. *John Deere Plow Co.* v. *Johnson,* 98 *Ga. App.* 36 (105 S. E. 2d 33). The plaintiff, in due time, applied to this court for the writ of certiorari. Her application alleges that the Court of Appeals erred in reversing the ruling which the trial judge made as to

the sufficiency of each count of the amended petition to state a cause of action for the relief sought; and the application properly assigns error on such judgment of reversal. When her application was examined and considered by this court, we were tentatively of the opinion that the Court of Appeals was correct in its ruling as to the insufficiency of the allegations of count one to state a cause of action, but we were of a different opinion as to the correctness of its ruling respecting count two. Hence, the writ was granted. Since then and since the case was argued in this court, both orally and by written briefs, we have further and more fully considered the whole case and we now hold that count one of the amended petition failed to state a cause of action. Hence, the judgment which the Court of Appeals rendered as to it is not erroneous and is now affirmed without elaboration. In addition to those mentioned above, count two of the amended petition contains allegations peculiar only as to it and so far as need be they will be pointed out in the opinion.

■ As to the sufficiency of count two of the amended petition to state a cause of action, the following principles of law, which are well established, should and will be applied by this court to the facts alleged therein; and, from such application, we will determine whether or not its allegations are sufficient to state a cause of action for damages. "To be subject to general demurrer, a petition must be utterly lifeless." *Gunby* v. *Turner*, 194 *Ga.* 378, 381 (21 S. E. 2d 640) ; *Medlock* v. *Aycock*, 16 *Ga. App.* 813 (86 S. E. 455). "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises . . . safe." Code § 105-401. "This section [Code § 105-401] places upon such owner or occupier of land the duty to exercise ordinary care, for the safety of his invitees, in discovering defects or dangers in the premises or instrumentalities thereon, and imposes a liability for injuries resulting from such defects as a reasonable inspection would disclose." *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (1a) (116 S. E. 57); *Huey* v. *City of Atlanta*, 8 *Ga. App.* 597 (70 S. E. 71); *Atlanta Cotton-Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145 (2)

(4 S. E. 759, 12 Am. St. Rep. 244); *Central of Ga. Ry. Co.* v. *Hunter,* 128 *Ga.* 600 (58 S. E. 154). While a plaintiff's petition on demurrer thereto will be construed most strongly against him, yet it must be construed as a whole (*Thomson Development ·Co.* v. *Crutchfield,* 161 *Ga.* 448, 131 S. E. 154); and the final test of the sufficiency of a petition to withstand a general demurrer is whether the defendant can admit all that is alleged therein and at the same time escape liability altogether. *Pullman's Palace-Car Co.* v. *Martin,* 92 *Ga.* 161 (18 S. E. 364); *Georgia R. & Bkg. Co.* v. *Rayford,* 115 *Ga.* 937 (42 S. E. 234); *Frazier* v. *Southern Ry. Co.,* 200 *Ga.* 590, 597 (37 S. E. 2d 774). "Generally, where a person invites the public to a place or grounds for a fair or public exhibition of any kind, or for amusement, he is bound to use reasonable care to protect those who come from injury, not only from defects in the premises but also from other dangers arising from the use of the premises by himself or his licensees." Cooley on Torts (1930 ed.) 685, § 341; *Southeastern Fair Assn.* v. *Davis,* 84 *Ga. App.* 572 (66 S. E. 2d 188); *Frear* v. Manchester Traction &c. Co., 83 N.H. 64 (139 A. 86, 61 A.L.R. 1280). "In an action for a tort the plaintiff need only allege the factum of a duty owed by the defendant to the plaintiff, a violation of that duty by the defendant, and that damages resulted therefrom in order for the petition to withstand a general demurrer." *Harvey* v. *Zell,* 87 *Ga. App.* 280, 284 (73 S. E. 2d 605); *Vickers* v. *Georgia Power Co.,* 79 *Ga. App.* 456 (54 S. E. 2d 152); *Parsons* v. *Foshee,* 80 *Ga. App.* 127 (55 S. E. 2d 386); 41 Am. Jur. 345, § 78. Questions of negligence, diligence, and proximate cause should be determined by a jury, and are not to be solved by the court on demurrer except in palpably clear, plain, and indisputable cases. *Atlanta & W. P. R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29); *Stewart* v. *Mynatt,* 135 *Ga.* 637, 639 (70 S. E. 325); *Harvey* v. *Zell,* supra. "A petition is sufficient to withstand a general demurrer where it is alleged that his injuries were caused by the defendant's negligence, facts being alleged from which a jury might find that the defendant was negligent, either in the doing or failure to do something defined as negligence by law, or in the doing or failure to do something which a jury might determine was negligence as a matter of

fact, and that this negligence was the proximate cause of the plaintiff's injuries." *Atlantic Coast Line R. Co.* v. *Sellars,* 81 *Ga. App.* 381, 386 (59 S. E. 2d 24).

(a) So tested, count two of the amended petition unquestionably sets forth a cause of action against all of the defendants for the relief sought. It alleges, in addition to those allegations previously set out in our statement of the case: that the tractor which the defendants Plow Company and Jones placed on the park or fair grounds to which she had been invited weighed more than 2,000 pounds; that it was equipped with a storage battery which was used for the purpose of starting its motor, and its tank had a supply of gasoline in it; that there was on its instrument panel board a knob or device which could be turned to the right or to the left at a sign on such panel board which read "On", meaning when the knob was turned to that position the motor of the tractor was ready to be started; also a sign in the opposite direction which read "Off", meaning when the knob was turned to that position the motor of the tractor was not ready to be started. At or near the knob there was also a push-button which actually turned on the tractor's ignition system when pushed by the finger of anyone after the knob had been turned to the "On" position; and alleges that some child or children, whose names are unknown to the plaintiff, mounted the tractor, started its motor by turning the knob to "On", and by pressing the starter button thus caused the tractor to run over and injure her; that at the time she was so injured, she was sitting on a bench near the tractor, which the defendant Fair Association had erected for her and other patrons to sit on and rest while attending the fair; and that she did not know the tractor's movement until after she was run over and injured by it, since it approached from the rear of the bench on which she was sitting. This count of the amended petition also alleges that, since the other two defendants were the proprietors of the premises on which the plaintiff was injured while she was there as their invitee, Code § 105-401, which we have quoted above, placed a duty on them to exercise ordinary care, for the safety of their invitees, in discovering defects or dangers in the premises or the instrumentalities thereon, and imposes liability on them

for injuries resulting to their invitees from any such defect or danger which a reasonable inspection would have disclosed. This count of the amended petition further alleges that the defendants were negligent in the following particulars: (1) In failing to have an attendant or caretaker with the tractor at all times while people were present on the fair grounds as invitees since, because of its mechanism, it could be so easily started and placed in motion by anyone. (2) In failing to remove the storage battery from the tractor and to drain the gasoline from its tank when it was placed on the park or fair grounds for display and inspection purposes only during an annual session of the fair. (3) In not attaching the tractor to some anchorage sufficiently strong to hold it stationary on the park or fair grounds when it was being displayed for inspection while the plaintiff and many other patrons of the fair were in attendance. (4) In failing to attend, supervise, and anchor the tractor after placing it on the park or fair grounds for display and inspection so as to prevent children, and other persons without experience in operating such tractors, from mounting it, starting its motor, and thereby putting it in motion. And (5) in failing to place signs on and about the tractor notifying the plaintiff that it was unattended, unanchored, and unsupervised and in failing to warn the plaintiff, as a patron of the fair, that some child, or some other person without experience in operating tractors, might mount it, start the motor, and drive it over and injure her.

Since count two of the petition as amended stated a cause of action for the relief sought, the Court of Appeals erred in reversing the judgment rendered by the trial judge in so far as it relates to such count.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P. J., who dissents.*