37494.  NORWOOD REALTY COMPANY, INC. *v.* P. & H.
HOMES, INC.

DECIDED JANUARY 20, 1959.

*Fraser & Schell, Young H. Fraser,* for plaintiff in error.
*Louis D. Yancey, Jr., Philip E. Vrooman,* contra.

NICHOLS, Judge.  The plaintiff had entered into a contract
with the defendant whereby the plaintiff was to build certain
houses and, when the completed houses were sold by the defend-
ant, the profits were to be divided equally between the parties.
The defendant contends, and this is the only argument presented
before this court, that the contract, which was attached as an
exhibit to the petition, shows that no payments were due to be
made until *all* the houses were sold by the defendant, and that
the petition shows that two of the houses had not been sold at
the time the action was filed, that therefore the action being
premature, its general demurrer should have been sustained.  It
is not argued or contended that the petition does not otherwise

set forth a cause of action, it being, in effect, conceded that if the action is not premature a cause of action is set forth.

" 'The objection that an action is prematurely brought can be raised only by a timely formal plea in abatement, or, if the defect appears on the face of the pleading, by a special demurrer filed at the first term. *Realty Company* v. *Ellis*, 4 *Ga. App.* 402 (61 S. E. 832) ; and cit.; *Jester* v. *Bainbridge Bank*, 4 *Ga. App.* 469 [61 S. E. 926].' *Gate City Fire Insurance Co.* v. *Thornton*, 5 *Ga. App.* 585 (1) (63 S. E. 638)." *Walker* v. *Jenkins*, 32 *Ga. App.* 238 (123 S. E. 161).

While the defendant contends in its brief that the action was prematurely filed, the renewed demurrer in the instant case was a general demurrer and would not reach such a defect if it existed. Accordingly, the trial court did not err in overruling the defendant's general demurrer where the only contention of the defendant in support of such demurrer was without merit.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*