39877. HARTRIDGE v. SAVANNAH NEWS-PRESS, INC.

DECIDED JANUARY 30, 1963.

*Lewis, Wylly & Javetz, Emanuel Lewis, Walter Hartridge, II,* for plaintiff in error.

*Stephens & Gignilliat, Thomas H. Gignilliat,* contra.

CARLISLE, Presiding Judge. This is the second appearance of this case before this court. For a full statement of the pleadings prior to their amendment after the former appearance, see *Savannah News-Press, Inc. v. Hartridge,* 104 Ga. App. 22 (120 SE2d 918), and especially with reference to the matter now before the court that portion of the opinion dealing with count 2 of the petition beginning on page 26.

After the case was reversed by this court and before the remit-

---

titur was made the judgment of the trial court, the plaintiff filed an amendment to count 2 of the petition adding allegations to the following effect: (A) that the article published by the defendant was false and libelous and not a truthful and fair account of the police court proceeding and was false and inaccurate in that it falsely stated that the vehicle driven by the plaintiff was "forever trying to cross the white center line, particularly going around Savannah's famous squares"; that such facts were not testified to by the officer; that the effect and innuendo of the entire story was to convey the impression that the plaintiff may have been intoxicated and that he drove his vehicle repeatedly over the center line of the road and had several times violated an ordinance of the City of Savannah forbidding the weaving and driving of an automobile from one traffic lane into another except where necessary to pass another automobile proceeding in the same direction; (B) that the portion of the article to the effect that, every time the patrolman would turn on his flashing red light and sound his siren, the plaintiff's car would stop but wouldn't stay stopped, was false and not an honest reporting of the case, and that the innuendo thereof was that the plaintiff was trying to avoid being caught and was fleeing from an officer, and the whole effect of the article was that the plaintiff was a violator of the law and was seeking to elude the patrolman and disobeyed his signal to stop; (C) that the statement in the article attributed to the plaintiff as his explanation to the recorder of why he crossed the center line that "there were parked cars in the way! I had to cross the center line," was false and not a truthful reporting of what was stated by the plaintiff at the police court hearing, and the innuendo thereof was that there were several occasions on which the plaintiff crossed the center line and that he used the same lame excuses for each such violation of the law. It was further alleged in said amendment that the false statements in the newspaper article and the untruthful reporting of the case conveyed the impression to the general reader, and were maliciously intended to do so, that plaintiff was a violator of traffic laws and a reckless driver, that he could well have been under the influence of intoxicants; that he illegally drove his

car; that he did not heed the signals of the patrolman to stop but tried to elude the patrolman and was finally caught, all of which was false and untrue.

The amendment was allowed subject to objection and demurrer. The defendant filed renewed demurrers and demurred generally and specially to the amendment and to the petition as amended. The trial court sustained the general demurrers and dismissed the action and the exception here is to that judgment.

It is elementary that in passing on a general demurrer well pleaded allegations of fact contained in the petition must be taken as true. *Code* § 81-304. *Mizell v. Byington,* 73 Ga. App. 872, 875 (38 SE2d 692). "The simplest test of the sufficiency of a petition against general demurrer is whether the defendant can admit all that is alleged and still escape liability. *Ga. R. & Banking Co. v. Rayford,* 115 Ga. 937 (42 SE 234); *Pullman Palace Car Co. v. Martin,* 92 Ga. 161 (18 SE 364)." *Harvey v. Zell,* 87 Ga. App. 280, 284 (1d) (73 SE2d 605). In passing on a general demurrer and in construing the allegations of a petition, while it is true that the court should construe ambiguous allegations against the pleader, this does not mean that such construction should be a strained, unnatural, or illogical one. The amendment to the petition in this case plainly and distinctly alleges that the article in question was not a fair, accurate or honest report of the court proceeding involved and that it was false and libelous and not truthful in three specific particulars. These allegations clearly take the case out of the category of a privileged publication. *Shiver v. Valdosta Press,* 82 Ga. App. 406, 410 (61 SE2d 221). The defendant cannot admit the truth of these allegations and escape liability.

While it may be conceded, as urged and argued by the defendant in error, that the allegations of part (B) of the amendment to the petition outlined above, relate, not to what transpired on the trial of the case nor to what the testimony was on the trial, but to what the plaintiff contends were the true facts of the incident, and that this specification of falsity, standing alone, would not be sufficient to sustain an action for libel in the reporting of a judicial proceeding, yet this is but one of three specifications of falsity, and the other two clearly allege that

the article falsely reported testimony and what took place on the trial of the case. Specifications (A) and (C) were clearly sufficient to save the petition from dismissal on general demurrer, and were sufficient to authorize the recovery of some damages by the plaintiff if they be proved on the trial of the case. In Georgia the general rule is that whether a particular publication is libelous is a question of fact for determination by the jury (*Davis v. Macon Tel. Pub. Co.*, 93 Ga. App. 633, 634 (3), 92 SE2d 619), and it is fundamental that the amount of damages recoverable in a case of this character is always a jury question.

It may be that this whole case is, as is inferred by counsel for the defendant in their argument before this court, a "tempest in a tea pot," and that the plaintiff has blown up what was intended to be a mere humorous story into something out of all proportion to that which the facts of the case justify. Nevertheless, the allegations of the plaintiff's petition make a case of libel in the publication of false and defamatory matter about him which, as alleged in the petition, might tend to injure his reputation and expose him to public contempt or ridicule. *Code* § 105-701. As we have said, whether such publication was libelous in fact is a jury question and whether the plaintiff is entitled to recover any damages, and, if so, what amount, are also jury questions that ought not to be decided on general demurrer unless reasonable men cannot differ as to the effect of the publication. It follows that the amended petition stated a cause of action, and the trial court erred in sustaining the general demurrer and in dismissing it.

*Judgment reversed. Bell and Hall, JJ., concur.*