## 41418. McCLURE v. PHILLIPS.

FRANKUM, Judge. 1. The simplest test of the sufficiency of a petition to withstand a general demurrer is whether the defendant can admit all that is alleged in the petition and escape liability. If he can, of course, the petition fails to state a cause of action; if he cannot escape liability, then the petition does state a cause of action. *Harvey v. Zell*, 87 Ga. App. 280, 284 (1d) (73 SE2d 605). In the instant case count 1 of the two-count petition is, in sum and substance, a short form action on a promissory note alleging that the defendant executed the note; that the note is in default, past due and unpaid. A copy of the note is attached as an exhibit, and while it appears from the face thereof that the defendant's liability to the plaintiff was not to mature until the happening of a certain event, the allegation that the note is in default, past due and unpaid, when considered in connection with the exhibit, is tantamount to an allegation that the event maturing the note had occurred. Certainly as against a general demurrer, the first count of the petition

was sufficient. See *Strawn v. Kersey,* 22 Ga. 586; *Carter v. Penn,* 79 Ga. 747, 750 (4 SE 896).

2. The effect of the argument by plaintiff in error on the general demurrer is that the suit on the note is premature. This is not a ground for general demurrer, but must be raised either by a special demurrer or by a timely plea in abatement. *Norwood Realty Co. v. P & H Homes, Inc.,* 98 Ga. App. 839 (107 SE2d 292). Count 1 of the petition does not show upon its face that the suit is premature, and, if the event rendering the note due had not occurred when the suit was filed, it would be a matter of defense which the defendant should raise by a timely plea. The special demurrer attacking the allegations of paragraph 4 of count 1 which alleges that the note is in default, past due and unpaid on the ground that those allegations are mere conclusions was not meritorious and was properly overruled.

3. Count 2 of the petition is a simple action on debt, alleging that the plaintiff loaned to the defendant $2,000, which the defendant promised to repay upon the closing of the sale of certain real estate known as 1015 Dawn View Lane, Atlanta, Fulton County, Ga.; that the said realty was sold to defendant, and defendant did close the sale and that plaintiff has demanded the return of the $2,000, which has not been paid. Under the authorities first cited in headnote 1, these allegations were sufficient as against the general and special demurrers filed thereto.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

Argued July 6, 1965—Decided September 8, 1965.

*George M. Scheer, Jr., Shoob & McLain,* for plaintiff in error. *Fryer, Harp & Turk, Joel J. Fryer,* contra.