### 41713. LESTER v. INTERNATIONAL BROTHERHOOD OF BOILERMAKERS et al.

PANNELL, Judge. 1. The trial judge had the right to construe his order of September 16th due to the ambiguity in the language therein, and since the same ambiguity appears in the ruling on the special demurrers, this language in reference to the special demurrers should be given the same construction as that given by the trial judge to the similar language on the general demurrers; thus construing the language, it appears that the special demurrers were not passed on.

2. There being no statute in this State, nor any rule of court presented, which requires that demurrers to a petition which

has been amended be renewed within any particular period of time, it does not appear that the trial court erred in refusing to dismiss the demurrers on the sole ground that they were not renewed to the petition within the time required by law. Whether the special demurrers should have been dismissed because they were filed too late is not a question presented for decision.

3. "The simplest test of the sufficiency of a petition against general demurrer is whether the defendant can admit all that is alleged and still escape liability. *Ga. R. & Banking Co. v. Rayford,* 115 Ga. 937 (42 SE 234) ; *Pullman Palace Car Co. v. Martin,* 92 Ga. 161 (18 SE 364)." *Harvey v. Zell,* 87 Ga. App. 280, 284 (73 SE2d 605) ; *Hartridge v. Savannah News-Press,* 107 Ga. App. 274, 276 (129 SE2d 536). The petition, as amended, although somewhat general in its allegations relating to agency, sufficiently alleged a cause of action against the defendant. See, in this connection, *Gilmer v. Allen,* 9 Ga. 208 (4) ; *Lewis v. Amorous,* 3 Ga. App. 50, 53 (59 SE 338) ; *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324, 327 (58 SE2d 559) ; *Chatham v. Texaco, Inc.,* 109 Ga. App. 419 (136 SE2d 489). It follows, therefore, that the trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED JANUARY 4, 1966—DECIDED MARCH 16, 1966—
REHEARING DENIED MARCH 30, 1966.

*Joseph B. Bergen, Converse Bright,* for appellant.
*James Edward McAleer, Frank O. Downing,* for appellees.