## STRAUSS *vs.* FRIEND.

1. If a married woman gives a note and mortgage apparently as principal, but really as a mere surety for another, or for the purpose of raising money for another, if the note and mortgage should be transferred before due to a purchaser without notice, it would not be a good defence against such taker that the maker was a married woman and could not be a surety; but such defence would be good against one who took the note and mortgage after due.

2. The proof in this case showed that the maker, who was a married woman, gave the note and mortgage to her son-in-law without consideration, merely to enable him to raise money; that after the note was due, it and the mortgage were frequently demanded; and that it was subsequently transferred:

*Held*, that the note and mortgage were invalid, and a verdict for the defendant was right.

November 11, 1884

Debtor and Creditor. Vendor and Purchaser. Husband and Wife. Married Women. Promissory Notes. Before Judge SIMMONS. Bibb Superior Court. April Term, 1884

Reported in the decision.

Lyon & Gresham, for plaintiff in error.

A. Proudfit; Gustin & Hall, for defendant.

Jackson, Chief Justice.

The defendant in error being a married woman, made her promissory note to one Samuel Gunhouse; it was, after

its maturity, transferred to the plaintiff in error; to secure it, she made a mortgage on real estate in Macon, which was transferred with the note; on the petition by the plaintiff in error to foreclose this mortgage, the defendant pleaded that it was given as security for the debt of another, and did not bind her; if not, that it was a voluntary gift to her son-in-law of a promise to pay and without consideration, and therefore *nudum pactum.* The court below charged in favor of the defendant in error. A motion for a new trial was overruled, and plaintiff excepted.

1. The plaintiff in error received for value the note and mortgage when over-due, and was charged with notice of all equities between the parties. If it had been done before due, he would have been protected against this married woman, even if the transaction was a security for the debt of another (70 *Ga.*, 322); but if not transferred before due, the security is void, under section 1783 of the Code. So to the same point is 70 *Ga.*, 57, and 69 *Id.*, 661. So that, if this note and mortgage were given by defendant in error to help her son-in-law raise money for himself or firm, and were traded after due, the mortgage does not bind her. That they were transferred after due is not denied, and that they were used to pay debts or raise money for the son-in-law's firm is equally clear. There is also evidence that the son-in law, failing to get money to relieve his embarrassments, got the note and mortgage for that purpose. He could not therefore enforce the payment of the note and mortgage; and the plaintiff in error, having purchased after their maturity, is in no better situation than the payee.

2. But the proof is that the defendant in error frequently demanded the return of this note and mortgage; that the son-in-law paid nothing for it; that it was a mere gift or loan; that the demand for its return was made time and again before it got into the possession of the plaintiff in error. Such being the case, it is invalid. 5 Am. Reports, 556; 9 Am. Dec., 191; 18 Johnson's R.. 145.

So that, in any view, the verdict and judgment would seem right; the security for another being void under our Code, and any contract of suretyship not being binding on her by the statute law, Code, §1783, concludes the case. See also 63 *Ga.*, 728, and 59 *Id.*, 254.

Judgment affirmed.