## STRICKLAND v. VANCE.

1. One who takes a promissory note payable to himself, signed by a man and his wife, apparently as joint principals, is in law chargeable with notice of such facts concerning the real consideration of the paper and of the wife's true relation thereto as are known to another who, in behalf of the payee and at his instance and request, conducts the negotiations leading to the execution and delivery of the note to the latter; and if in fact the wife signed the note as surety for the husband, it was, so far as the rights of such payee were concerned, void as to her, and she could maintain against him an action for the recovery of money or property belonging to her separate estate with which she had parted in a settlement with him of the note.
2. No material error of law was committed on the trial, and the evidence warranted the verdict.

October 26, 1896. Argued at the last term.

Equitable petition. Before Judge Milner. Gordon superior court. August term, 1895.

*W. H. Dabney* and *T. W. Skelly*, for plaintiff in error. *McCutchen & Shumate*, contra.

LUMPKIN, Justice.

In a transaction between Vance and his wife on the one side, and Anderson on the other, the particulars of which are immaterial, the Vances executed and delivered to Anderson their negotiable promissory note, signed as joint

makers and not disclosing the fact of suretyship on the part of the wife. This note was secured by a mortgage on her property. Anderson offered the note for sale, before its maturity, to Strickland, who declined to purchase it, but stated to Anderson that if he would procure an exactly similar note payable to Strickland himself, and secured by a mortgage in the latter's favor covering the same property, he would "buy" the papers. Anderson did procure such a note and mortgage, and delivered the same to Strickland. The original note and mortgage were canceled. Subsequently, Mrs. Vance, after satisfying the note and mortgage held by Strickland, brought her action against him for the recovery of money and property belonging to her separate estate with which she had parted in settling with him.

Under the facts as found by the jury, Mrs. Vance's true relation to the note was that of a surety only, and the sole question presented for our determination is this: Assuming that Strickland took the note and mortgage delivered to him by Anderson before maturity and in ignorance of the wife's suretyship, could he legally hold her liable thereon? If he had in good faith purchased the note and mortgage originally offered him by Anderson, before the note became due and without notice that Mrs. Vance was a surety only, it is quite certain that she could not, as against Strickland, have set up the defense of non-liability on the ground that this was a contract of suretyship entered into by a married woman, and therefore void. *Howard* v. *Simpkins*, 70 *Ga.* 322; *Strauss* v. *Friend*, 73 *Ga.* 782. Is the case altered because Strickland, through the intervention of Anderson, took a note signed by Vance and his wife apparently as joint principals, payable to the order of Strickland himself, and accepted by him without actual knowledge of the fact that Mrs. Vance was a surety only? If Strickland had any claim at all against Mrs. Vance, it is because of the fact that he was a party to a contract between himself and her. He could become a party to a contract

evidenced by a promissory note in which he was named as payee, and signed by a man and his wife jointly, in only two ways, viz: one, by personally conducting the negotiations and procuring the note to be executed; and the other, by doing these same things through the medium of an agent. There is no contention that Strickland had any direct dealings or negotiations with the Vances; but it is certain that he became possessed of their obligation to pay money directly to him, or his order. This was brought about by his authorizing Anderson to procure for him the note and mortgage in question. Under the facts disclosed by the record, Anderson was in no sense the agent of the Vances to procure for them a loan from Strickland; and therefore they were not bound by anything which Anderson may have represented to Strickland. The inevitable conclusion from all the facts is, that Anderson acted as the agent of Strickland in procuring for him the last note and mortgage from the Vances. This being so, Strickland was beyond question chargeable with notice of all the facts within the knowledge of his agent, Anderson; and as there was evidence to warrant the jury in finding that Anderson knew the fact that Mrs. Vance's relation to the note he procured for Strickland was that of a surety only, knowledge of this fact is, in law, imputable to Strickland himself.

Properly viewed in the light of the undisputed facts, Strickland did not "buy" the note from Anderson; for, as has been shown, the latter was really Strickland's agent in procuring it. The charge of the court complained of was based upon this latter theory, and was therefore not erroneous. No material error of law was committed on the trial, and the verdict as rendered will not be disturbed.

*Judgment affirmed.*