## VENABLE v. LIPPOLD.

1. Under the well-established rule that a married woman who signs negotiable promissory notes apparently as a joint principal, though in fact she is a surety only, becomes liable to a bona fide purchaser for value who buys the notes before their maturity and without notice of the suretyship, the verdict in the plaintiff's favor was, under the evidence submitted, fully warranted.

2. In the trial of an action upon such notes, it not competent to impeach the alleged bona fides of the plaintiff's holding thereof by showing that he did not return for taxation, in either of the two years following that in which the alleged purchase was made, any notes, solvent debts, accounts, or money.

3. The requests to charge were objectionable in that they sought an expression of opinion from the presiding judge as to the probative value of certain evidence, the weight and effect of which were matters exclusively for determination by the jury.

Argued June 5, — Decided August 7, 1897.

Complaint on notes.  Before Judge Reid.  City court of Atlanta.  September term, 1896.

*W. I. Heyward*, for plaintiff in error.
*P. F. Smith, W. W. Gaines* and *R. R. Shropshire*, contra.

FISH, J.  Suit was brought, in the city court of Atlanta, by Lippold against John Venable, W. E. Venable, and Ellen Venable, as joint makers, upon four promissory notes, one of which was as follows:

"Atlanta, Ga., Dec. 26, 1893.  On January 26, 1894, without grace, we promise to pay to Empire State Bank or bearer

one hundred dollars, at Empire State Bank, in Atlanta, Ga., for value received. (Signed) John Venable. (Seal.)

W. E. Venable. (Seal.)

Mrs. Ellen Venable. (    )"

The other notes were the same, except they respectively became due February 26, March 26, and April 26, 1894. Mrs. Venable pleaded, in substance, that she received no consideration for signing the notes; that she was only surety for the other makers; that when the notes were transferred to plaintiff he knew that they had been given as renewal or substitute notes for an old indebtedness due by W. E. Venable to Tolleson or the Empire State Bank; that the notes show upon their face that she was a married woman, which fact required plaintiff to inquire whether she was the wife of either of the other makers, or whether or not she was surety; that the mode, time, place and consideration for which the notes were transferred were of such an unbusinesslike character as to put plaintiff on notice that something was wrong with them; and that plaintiff was not a bona fide holder for value, without notice. The other defendants filed no answers. Mrs. Venable in her own behalf testified: "I do not owe the Empire State Bank, or J. R. Tolleson, anything. Don't know for what the notes were given; never authorized any one to borrow money for me, from the Empire State Bank or J. R. Tolleson. I signed the notes only as security. I signed them as my husband told me to sign them. I was only a security." Plaintiff Charles G. Lippold, introduced by the defendant, testified: "I am the owner of the notes sued on. I purchased them with others of like character, amounting to $1,500.00, from J. R. Tolleson, cashier of the Empire State Bank, in the office of the bank, on the day of the date that they were signed. I paid for them money to the amount of about $100.00, and balance in good notes. The transaction was made in the evening, to the best of my recollection, between five and six o'clock. I stopped in the office on my way home in the evening, and I usually went home between five and six o'clock. I knew that John and W. E. Venable were in the soda-water business and were hard pressed for money. These notes were secured by

mortgage on their property at West End. I don't know whether I turned these notes in for taxes; think I returned some notes for taxes. I knew that Tolleson had been in jail for contempt of court in a bank case. I paid value for these notes, and at the time of the purchase I had no knowledge or notice that Mrs. Ellen Venable was only a security. The notes being joint notes, I considered her as one of the joint · makers, and they were all purchased before maturity and without notice that Mrs. Venable was only security." There was a verdict for the plaintiff, and the defendant Mrs. Venable moved for a new trial, upon the grounds: (1) Verdict contrary to law and evidence. (2) Error in refusing to charge, as requested: "If you find from the evidence that the notes sued on were not taken in the usual course of trade, which means a transfer according to the usages and customs of commercial transactions, that fact would be a circumstance sufficient in law to have put a prudent man upon his guard in purchasing the notes sued on, and would be notice to the purchaser of whatever he would have discovered, as to how the notes were signed by the defendant Mrs. Venable, had he prosecuted such inquiry with reasonable diligence; and if the evidence shows that, had he prosecuted such inquiry with reasonable diligence, he would have discovered that Mrs. Ellen Venable signed the notes sued on as security, then under the law he had constructive notice of the fact that Mrs. Ellen Venable was simply a security on the notes sued upon, and as against her the plaintiff has no cause of action, and a verdict should be for the defendant, Mrs. Ellen Venable. Also, if you find, from an inspection of the notes sued upon, that there is any fact or circumstance on their face that would put a prudent man upon his guard in purchasing negotiable paper, then that fact or circumstance, if you find that there is such, would be notice of whatever he would have discovered if he had prosecuted such inquiry with reasonable diligence; and if the evidence shows that, if he had prosecuted such inquiry with reasonable diligence, he would have discovered that Mrs. Ellen Venable signed the notes sued upon as security, then under the law he had constructive notice of the fact that Mrs. Ellen Venable was simply security on the

notes sued upon, and as against her the plaintiff would have no cause of action, and a verdict should be for the defendant, Mrs. Ellen Venable." (3) Error in not allowing the defendant to prove, by the tax returns of Fulton county, that for the years 1894 and 1895 plaintiff did not return for taxes the notes sued on, nor any other notes, solvent debts, accounts, or money. The motion was overruled, and the defendant excepted.

1, 2. The rule is well established, that a married woman who signs negotiable promissory notes apparently as a joint principal, though in fact she is a surety only, becomes liable to a bona fide purchaser for value, who buys the notes before their maturity and without notice of the suretyship. *Perkins* v. *Rowland*, 69 *Ga.* 661; *Howard* v. *Lumpkin*, 70 *Ga.* 322; *Strauss* v. *Friend*, 73 *Ga.* 782; *Strickland* v. *Vance*, 99 *Ga.* 531. The uncontradicted testimony was, that the plaintiff was the bona fide holder, for value, of the notes sued upon, that he purchased them before their maturity and without notice that Mrs. Venable was surety, and that he considered her one of the joint makers. For "the purpose of impeaching the statement of the plaintiff that he was a bona fide holder of the notes, for value, and without notice" that Mrs. Venable was surety, the tax-books of Fulton county were offered in evidence, to prove that for the years 1894 and 1895 the plaintiff did not return for taxation the notes sued on, nor any other notes, solvent debts, accounts, or money. The court declined to permit the tax-books to be put in evidence. We think that this ruling was correct. The evidence was that the plaintiff purchased the notes on December 26, 1893, the day of their date, and the fact that he may have failed to return them for taxation during the two succeeding years was wholly irrelevant to prove that he was not a bona fide holder for value and without notice at the time he purchased.

3. The requests to charge were objectionable, in that they sought an expression of opinion from the presiding judge on the probative value of certain circumstances, the weight and effect of which were matters exclusively for determination by the jury. There was nothing on the face of the notes, as to

the manner in which Mrs. Venable signed, sufficient to put the plaintiff on notice that she was merely surety. We think the verdict in the plaintiff's favor was, under the evidence submitted, fully warranted, and that there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*