11473. HARRIS *v.* ATLANTIC COAST LINE RAILROAD CO.

JENKINS, P. J. This is a suit against a railroad company for damages on account of injuries alleged to have been received in a runaway occasioned by the negligent manner in which the defendant's cars approached a road-crossing. None of the acts of negligence set forth

in the petition constitute negligence per se, since the petition fails to show that the road in which the plaintiff was traveling was a public road. On the theory .that the road was a private road, the petition, although it shows that the road-crossing was near the city of Savannah, fails to set forth clearly any facts going to show that the road was habitually or generally used by the public at the place where the injury occurred. No general demurrer was entered, nor was there any special demurrer raising the question of such deficiency. The petition charged: (1) negligence in the operation of the train which struck the petitioner; (2) negligence in running the train at a high and unlawful rate of speed, approximately thirty or forty miles per hour; (3) negligence in failing to blow the whistle on approaching the crossing, and (4) negligence in permitting the growth of weeds on the right of way, alongside the tracks, within a few feet of the crossing, so as to render it impossible for one entering upon the crossing to see the approach of a train. The railroad company demurred specially to the first of these allegations, on the ground that it was too vague and indefinite, and to the fourth allegation on the ground that it showed no facts that would create a liability on the part of the company. After the appearance term and at the time set for the hearing of the demurrer, a general motion to dismiss was entered by the plaintiff and sustained by the court. *Held*:

λ. "Under the code a declaration which .has all the requisites to make it good and sufficient in substance, save that it omits to allege some fact essential to raise the duty involved in the cause of action which the pleader evidently intended to declare upon, is amendable by supplying the omitted fact at any stage of the case." *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691 (7) (13 S. E. 809); *Atlanta, Knoxville & Northern R. Co.* v. *Whitaker,* 115 *Ga.* 644 (42 S. E. 56). Thus, while the petition as filed was defective in that no facts were plainly set forth such as would impose upon the defendant the duty of anticipating the presence of travelers at the particular place where the injury occurred, the omission being an amendable defect and therefore not such as a verdict would fail to cure or such as would authorize a motion in arrest of judgment, it did not render the petition subject to be dismissed on motion. *Brown* v. *Georgia, C. & N. R. Co.,* 119 *Ga.* 88 (1) (46 S. E. 71).

2. Where a runaway, resulting in injury to a plaintiff, is brought about by the negligent running of a locomotive and train, in approaching a road-crossing, at a place where it was incumbent upon the defendant to anticipate the presence of travelers, the efficient proximate cause of such injury is the negligent conduct of those operating the cars, and not the fright of the animal. *Southern R. Co.* v. *Tankersley,* 3 *Ga. App.* 548 (60 S. E. 297).

3. While the special demurrer was good as to the first allegation of negligence, and while, as indicated, the petition was otherwise imperfect, it nevertheless set forth a cause of action and should not have been dismissed on motion.

*Judgment reversed. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 13, 1920.

Action for damages; from city court of Savannah — Judge Freeman. March 20, 1920.

*Oliver & Oliver,* for plaintiff.

*Osborne, Lawrence & Abrahams,* for defendant.