EDWARD KABINSKI ET AL., PLAINTIFFS-APPELLANTS, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, DEFENDANT-RESPONDENT.

Argued May 18, 1939—Decided September 22, 1939.

"This case is submitted to me on a stipulation of facts. The suit is to recover the amount of a judgment for personal injuries obtained by the plaintiffs against Elwood Hanson on

January 27th, 1932, in a suit wherein Hanson and the Dannenhower Motor Company, hereinafter referred to as the Motor Company, were defendants. At the time the plaintiffs sustained their injuries, there was in effect an indemnity insurance policy issued to the defendant Motor Company and known as a garage policy.

"The pertinent provisions of which policy are as follows:

"*Agreement I*. To pay any loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally sustained during the policy period by any person or persons other than the employes of the assured; (a) by reason of the maintenance and operation of an automobile sales agency, garage or station, including a repair shop, if any, and the making of ordinary repairs and the renewal of existing mechanical equipment; (b) or by reason of the ownership or maintenance of any automobile or the use thereof for any purpose connected with the assured's operations as described in the declarations.

"'Item 5. Description of Operations. All work incidental and necessary to the conduct of the assured's business of operating an automobile sales agency, public garage and automobile repair shop, including the operation of any style, type or make of automobile, tractor, or trailer, in such business and for pleasure use, but not the carrying of passengers for a consideration or the renting or hiring of automobiles, tractors, or trailers to others (whether such renting or hiring involves the carrying of passengers or the carrying of property) and not the carrying of property for others except such transportation or delivery of goods or merchandise for prospective purchasers as is strictly incidental to the demonstrating and sale of automobiles.

"'*Condition B*. This policy shall cover such injuries so sustained while at the locations described in the declarations, or upon the premises or ways immediately adjacent thereto, and such injuries so sustained by reason of any automobile while being operated or used within the limits of the United States of America or the Dominion of Canada. It shall also cover such injuries so sustained elsewhere caused by employes

of the assured whose duties require them to go off the premises while in the service of the assured in connection with the business operations described.

" *'Condition C.* This policy does not cover such injuries: (4) caused by reason of the operation or use of any automobile for livery or taxicab service, or the renting or hiring of any automobile (whether such use involves the carrying of passengers or the carrying of property), except such transportation for delivery of goods or merchandise for prospective purchasers as is strictly incidental to the demonstration and sale of commercial automobiles.'

"The facts appear fully in the stipulation, so that a reiteration of them becomes unnecessary.

"The question for determination is whether the defendant insurance company is responsible for the judgments recovered by the plaintiffs under the terms of the policy, by reason of the defendant insurance company having assumed complete charge and control of the litigation on behalf of the owner and driver of the automobile, and continuing to represent the driver after a directed verdict was rendered in favor of the owner, the driver having been advised by the insurance company by letter, prior to the trial, that it would not represent him, and the driver without reply to the letter did not appear or take part in the suit wherein the present plaintiffs recovered their judgments against the defendant Hanson.

"The contention on the part of the plaintiffs is that by reason of the conduct of the defendant in the control and management of the litigation it becomes responsible for the judgments there recovered against the driver of the car.

"I am unable to find, nor is my attention called to any provision of the policy requiring the insurer to pay the judgment recovered against Hanson. The plaintiffs' rights, therefore, if any, come as the result of the provisions of chapter 153, *Pamph. L.* 1924, as amended by chapter 194 of *Pamph. L.* 1931. Consequently, the injured parties have no rights under the policy until there is an unsatisfied judgment against the assured. Then 'the terms of the policy' mean such terms as would permit the assured to recover, or prevent him from recovering from the insurer in the event that the assured

paid the judgment. *Neilson* v. *American Mutual,* 111 *N. J. L.* 345; *Suydam* v. *Public Indemnity Co.,* 10 *N. J. Mis. R.* 868; *Osborn* v. *New Amsterdam Casualty Co.,* 111 *N. J. L.* 358.

"A number of cases are cited in support of plaintiffs' contention, but an examination of all of them discloses that in each case there was a judgment against the assured.

"The case of *Horn* v. *Commonwealth Casualty Co.,* 105 *N. J. L.* 616, is one of the cases cited. In that case the policy provided that 'in addition to named assured' it would cover 'any person or persons while riding in or operating the assured's automobile with the permission of an adult member of assured's household who was not a chauffeur or a domestic servant.'

"The suit was by the injured person against the insurance company with a judgment against the assured. On a motion to strike the answer, which alleged reservation of rights and non-assumption of liability obtained by the insurer prior to the trial of the negligence suit, the insurer was permitted to set up such a defense. The case held that the insurer, by investigating the negligence suit and defending it, estopped itself from setting up such a defense, but under the reservation of its rights it was not estopped. Plaintiff argued that the injured party became a party to the insurance policy. The court held that the injured party had no rights under the policy until there was an unsatisfied judgment against the assured. That under 'the terms of the policy' meant such terms as would permit the assured to recover or prevent him from recovery, and that such was the only criterion by which the rights of the injured party could be determined.

"The case of *Peterson* v. *Preferred Accident Insurance Co.,* 176 *Atl. Rep.* 897, is also cited. Here there was a judgment against Michael King, the operator of the car, while Blanche King, the owner and named assured received a directed verdict in her favor. One of the questions tried out was, whether or not Michael King was an assured under the policy, and the jury found that he was an assured. Then, in a suit on the policy by the injured party holding the judgment the defendant insurer attempted to assert the defense

that Michael King was not the operator of the car. This defense was struck out by the trial court, and the Court of Errors and Appeals held that it had been properly stricken upon the theory of *res adjudicata*. The opinion then treated Michael King as being an assured within the terms of the policy, so that again there was a verdict against the assured.

"The case of *Cooke* v. *Preferred Accident Insurance Co.,* 114 *N. J. L.* 142, is also cited. Here again there was a verdict against the assured. The plaintiffs had recovered verdicts against the assured, Margaret E. Dunne, for injuries received in a car driven by Edith Margaret Dunne, a resident of this state under seventeen years of age at the time of the accident. The insurance company defended the negligence case with presumed knowledge that the operator of the car was under age, and did not notify the assured until after the verdict had been rendered against her that it would not pay the judgment. It was held that if the defendant insurer knew of the non-age of the driver, yet took over and conducted the defense, making no disclaimer of liability or reservation of its rights, except by dictating such reservation during the trial, it would be estopped from setting up such a defense, but since such defense became a disputed question of fact it was a question for the jury.

"*Nicholas* v. *Independent Indemnity Co.,* 165 *Atl. Rep.* 868, is cited, but here there was a disclaimer on the part of the insurer of its responsibility, as was also the case of *Zisko* v. *Travelers Insurance Co.,* 117 *N. J. L.* 366, where there was a verdict against the assured.

"The case of *O'Dowd* v. *United States Fidelity and Guaranty Co.,* 117 *N. J. L.* 444, is also cited. Here the court stated the basic question to be whether under the proofs, the insurer, who, under its policy of indemnity with its assured, defended the latter (in a suit brought by a third party against the assured for damages for personal injuries sustained while not employed by assured) unconditionally, without obtaining from its assured either an agreement of non-waiver or without serving notice of disclaimer upon assured, or without making a reservation of its rights, waived its right and is estopped thereafter to deny liability in a suit against it for the pay-

ment of the judgment recovered by the third party against the assured, or whether the insurer, under the stated circumstances and after the third party had recovered a verdict against the assured, may still, for the first time, serve a notice of disclaimer upon its assured and thus escape the payment of the judgment based on the verdict so recovered. The court held that under the circumstances of that case the insurer could not complain, because it had extended by its own conduct the scope or limitation of its original undertaking, and that its liability on its undertaking so extended, inured to the benefit of 'any person or persons' under the insolvency provisions of its policy based on the statute.

"The case of *Brooks* v. *Great American Indemnity Co.*, 190 *Atl. Rep.* 86, is also cited. Here the injured party had recovered a judgment against the operator of the car on the ground that the operator was a servant of the assured. The jury found the operator to be such servant of the assured and hence the verdict against the insurer. The appeal in this case was based upon an alleged erroneous charge of the trial court, but the Court of Errors and Appeals found that the trial court was only stating the pleadings in its statement alleged to have been an incorrect exposition of the law.

"I am unable to find from the facts stipulated, and an examination of the cases cited, any conduct on the part of the defendant that would enlarge the scope of its undertaking. The policy did not cover Hanson, the driver, and did not cover the car in question when not being used upon business of the Motor Company. It was an indemnity policy and the defendant agreed to indemnify the Motor Company against any liability imposed by law. No such liability has been imposed. I can, therefore, see no reason why the defendant can be estopped from asserting the defenses set up in this suit. There was no reason why it should procure from the Motor Company, the assured, a non-waiver agreement, nor any reason why it should have disclaimed responsibility in advance of the trial.

"I therefore find, upon the facts in this case, a verdict for the defendant, and will sign a *postea* accordingly."

For the appellants, *Mr. Meyer L. Sakin.*

For the respondent, *Messrs. Starr, Summerill & Lloyd.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Palmer.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.