GUNBY *v.* TURNER.

No. 14206. JULY 15, 1942. REHEARING DENIED JULY 25, 1942.

W. F. Moore, for plaintiff.   William F. Buchanan, for defendant.

GRICE, Justice. ■ The bill of exceptions is captioned: "Georgia, Fulton County.

Bessie Bryan Gunby, Plaintiff in Error,

vs.                         Supreme Court of Georgia.

R. C. Turner, Defendant in Error."

In the bill of exceptions it is stated that the case of Bessie Bryan Gunby against R. C. Turner, etc. (describing the character of the case), came on to be heard, etc. The order excepted to is recited, followed by the words, "To this ruling the plaintiff in error then and there excepted," etc. The motion to dismiss the writ of error, on the ground that no one is named or otherwise disclosed either as plaintiff in error or defendant in error, is denied. *Joiner* v. *Singletary*, 106 *Ga.* 257 (32 S. E. 90).

■ The petition is in many respects indefinite in its allegations, but the exception is to a ruling sustaining not a special but a general demurrer. The heart of the petition, apparent on its face, is that the plaintiff, at the instance of her husband and with the knowledge of the defendant, executed a security deed on her separate property for the purpose of securing a loan to her husband of three thousand dollars; that from her own funds she paid to the defendant on said debt one thousand dollars; that the defendant is now advertising her property described in said security deed for sale under a power contained in that deed. She prays for judgment against him of one thousand dollars, that he be enjoined from selling her property, and that the security deed be canceled. This in substance stated a cause of action. Code, § 53-503; *Strickland* v. *Vance*, 99 *Ga.* 531 (27 S. E. 152, 59 Am. St. R. 241); *Bank of Eufaula* v. *Johnson*, 146 *Ga.* 791 (92 S. E. 631). It is true that it is not disclosed when she paid the thousand dollars, nor in express terms is it declared who was the person from whom

he wished to obtain the loan; but it is averred that defendant and her former husband induced her to sign the papers, and the copy of the security deed recites that it was given to secure a note of three thousand dollars made by her to the defendant; and it is averred, after reciting that the security deed was executed, that she did not owe the defendant any amount or secure any benefit therefrom. These imperfections in the framework of the petition did not render it subject to dismissal on general demurrer. "To be subject to general demurrer, a petition must be utterly lifeless." *Medlock* v. *Aycock*, 16 *Ga. App.* 813 (86 S. E. 455). Applying the Code, § 53-503, which makes illegal any contract by which a married woman binds her separate estate as surety for her husband, or any assumption of the debts of her husband, and which forbids any sale of her separate estate made to a creditor of her husband in extinguishment of his debts, it must be held that the petition stated a cause of action. It is immaterial what form the transaction takes. *Magid* v. *Beaver*, 185 *Ga.* 669, 677 (196 S. E. 422), and cit.; *Rhodes* v. *Gunn*, 34 *Ga. App.* 115 (128 S. E. 213).

■ The petition discloses that the date of the transaction was July 9, 1932; that her husband died on January 1, 1935; "and that soon thereafter she learned that defendant herein had a security deed against her property." The filing of the suit bears the date May 28, 1941. On this state of facts it is insisted by counsel for the defendant that the case is governed by the principle that "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code § 37-119. We are referred to *Bryan* v. *Tate*, 138 *Ga.* 321 (75 S. E. 205), where it was held that the plaintiff's voluntary failure to bring suit for three years after being fully cognizant of the fraud committed seven years before that time is such laches as will bar him of his action. The plaintiff's right of action does not depend on existence of actual fraud. If all her allegations as to fraudulent conduct were treated as surplusage, she would still be entitled to relief. If she had signed the security deed and the notes referred to therein voluntarily and with full knowledge, and without any semblance of fraud being practiced upon her, yet if what she alleges be established, the provisions of the Code referred to above would still be operative. Compare *Rogers* v. *McClure*, 128 *Ga.* 393 (2) (57 S. E. 692).

382

■ It is contended by defendant that Mrs. Gunby shows no title to the land, nor is it averred that she is in possession, and that the petition lacking such averments can not be sustained. ·This contention takes no account of that part of the suit where she seeks judgment for the thousand dollars and asks for other relief, or of the fact that she alleges in several different paragraphs that she placed this security deed on her own individual property, or of the fact that Turner recognizes her as the owner and seeks to sell the land as her property; or that it is not to be presumed that Turner, holding only a security deed, is himself in possession. The position likewise runs counter to the rule that one not in possession may nevertheless bring an action to cancel a deed if there be some other distinct head of equity jurisdiction sufficient to support the action. *Page* v. *Brown,* 192 *Ga.* 398 (15 S. E. 2d, 506), and cit. See also, as particularly in point, *Gilmore* v. *Hunt,* 137 *Ga.* 272 (73 S. E. 364) ; *Jackson* v. *Reeves,* 156 *Ga.* 802 (120 S. E. 541).

■ It is argued by the defendant that the dismissal on general demurrer of the action should be sustained, for that it is inequitable and unconscionable for a court to grant to the plaintiff any relief when it appears that she gave her note and security as the purchase-price of a business of her late husband, which had been purchased at a receiver's sale by Turner, and that she took possession of the same, owns it to-day, and does not offer to restore. It is a sufficient answer to this that the premise for such a contention is not to be found in the petition as amended. The argument is in the nature of a speaking demurrer. It is not averred that Turner had purchased the business of the husband, or that he sold it to her in consideration of her promise to pay which was represented by her promissory note to secure which the security deed was executed. The amendment does state that after she signed these papers her husband transferred his business to her, but that this was unknown to her until his death; that she received no profits or benefits therefrom, and that after his death she established herself as owner as heir of her husband. The allegations taken as a whole do not state a case where the wife herself made an outright purchase for herself, and, in her own name and use of property once belonging to her husband, took possession of it, operated it, retained it, and when the creditor seeks to collect the money she obligated to pay him therefor tries to defeat a recovery while hold-

ing to the purchased property and enjoying the fruits thereof, on the ground that what she did was only to pledge her property to secure her husband's debt. No ruling is involved under this record on the sufficiency of that kind of a petition. If the facts were as urged in the defendant's brief, a different question would be presented. A demurrer is addressed to what is alleged.

*Judgment reversed. All the Justices concur.*