37947. NATIONAL SURETY CORPORATION *v.*
DUNAWAY, Executrix.

CARLISLE, Judge. 1. It being made to appear by motion of the plaintiff in error that the defendant in error died between the hearing on the motion for a new trial and the tendering of the bill of exceptions, and that Anne Dunaway has qualified as the executrix of his last will and testament, the prayer that she be made a party in his stead pursuant to the provisions of Code § 6-908 is granted.

2. The defendant insurance company herein issued a policy of automobile liability insurance to the plaintiff which provided non-owner coverage to him with the stipulation contained in the policy with respect thereto that it would be excess insurance over any other and valid coverage available to the insured. In the policy the defendant agreed to defend any suit against the insured arising out of an occurrence within the coverage of the policy seeking damages on account of any injury for which the insured would be liable, even though such suit be groundless, false or fraudulent. The company was bound thereby to provide a defense to any suit or claim against the insured of which it had notice and which arose out of an accident involving a non-owned automobile, notwithstanding that there may have been other valid insurance covering the insured's liability issued by another company to the owner of such automobile.

3. In the instant case, suit was filed against the plaintiff insured by a third party, alleging liability of the insured for the negligence of the operator of the automobile by reason of the fact that such operator was alleged to have been the employee of the insured. The fact that there was other insurance coverage issued by another company to or on behalf of the operator, which insured the liability of the operator of such non-owned motor vehicle, and which coverage, by its terms, also covered the liability of the insured if such operator was in fact his employee, and the further fact that the policy of insurance issued to the insured provided that it would be excess

insurance over such other insurance did not relieve the defendant insurance company here of its obligation to provide the insured with defense in the suit by the third party against him and the operator of the non-owned motor vehicle. *Hartford &c. Insurance Co.* v. *Cochran &c. Co.*, 26 *Ga. App.* 288 (105 S. E. 856); *Continental Casualty Co.* v. *Owen,* 90 *Ga. App.* 200, 209 (82 S. E. 2d 742).

4. Where in a suit by the named insured to recover expenses incurred for reasonable attorney's fees for defending an action against him, the insurance company admitted coverage under the non-ownership provisions of the policy, under the circumstances alleged in the previous suit against the plaintiff, and where it appeared from the evidence that the amount of recovery sought in the previous action was far in excess of the applicable limits of coverage available to the plaintiff under the other insurance policy, and where the defendant was shown to have had notice of the pending suit against the plaintiff, and failed and refused to provide for its defense, the jury were authorized to find that the defendant insurance company had breached its contract with the plaintiff and to render a verdict in the amount of the expenses which the plaintiff showed he incurred in preparing for and defending the action against him, notwithstanding that the liability of the defendant insurance company to pay any sums as damages to the third party would not have arisen unless and until amount of the recovery by the third party exceeded the applicable limits of the other insurance available to the plaintiff. See *United States Casualty Co.* v. *Georgia &c. Ry. Co.*, 95 *Ga. App.* 100, 103 (97 S. E. 2d 185).

5. The testimony by the attorneys for the plaintiff that a representative of the defendant company told them to continue with the preparation of the defense on behalf of the plaintiff, shows at most a mere ratification by the company of the act of the insured in providing for his defense and such testimony did not amount to evidence of a separate and independent contract of employment of the attorneys by the insurance company such as would authorize an action thereon directly against the company by the attorneys, or such as was inconsistent with the contentions of the plaintiff here that the defendant had breached its contract with him by failing to provide for his defense.

6. Whether the failure of the insured to notify the insurance

company of the pendency of the suit until some 24 days after he was served therewith amounted to a failure to cooperate with the company so as to work a forfeiture of the contract was a question of fact to be decided by the jury under proper instructions from the court, and this court cannot say as a matter of law that the findings on behalf of the insured and against the insurance company on this question were not authorized.

7. It follows that the trial judge did not err in overruling the general demurrer to the petition and in thereafter refusing to direct a verdict for the defendant and in thereafter refusing to grant a judgment non obstante veredicto for the defendant. The evidence authorized the verdict and the judgment of the trial court overruling the general grounds of the motion for a new trial was not erroneous for any reason urged. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 2, 1959—REHEARING DENIED
DECEMBER 16, 1959.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* for plaintiff in error.

*L. C. Groves, Clement E. Sutton,* contra.