39747.   UNITED STATES FIDELITY & GUARANTY
COMPANY v. WATSON et al.

DECIDED OCTOBER 11, 1962.

*Frank C. Vann,* for plaintiff in error.

*Robert Culpepper, Jr., Burt & Burt, H. P. Burt, Conger & Conger, J. Willis Conger, Leonard H. Conger,* contra.

RUSSELL, Judge. █ It should first be noted that while this plaintiff alleges that the facts contended for by its insured are

not true, it does not seek a judgment relieving it from defending the action on the ground of failure to cooperate or fraud but rather affirms the contract and admits that under either set of facts contended for some liability attaches to it—that of either a primary or an excess carrier. "Where no facts or circumstances are alleged in a petition for declaratory judgment to show any necessity for a determination of any dispute to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged right, and which future action without direction might reasonably jeopardize his interest, such petition is subject to general demurrer." *Phoenix Assurance Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530 (114 SE2d 389). See also *Pinkard v. Mendel*, 216 Ga. 487 (2) (117 SE2d 336) and cases cited. "The courts will ordinarily refuse to entertain an action for a declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties." *Carter v. State of Georgia*, 93 Ga. App. 12 (2) (90 SE2d 672); *Shippen v. Folsom*, 200 Ga. 58, 59 (7) (35 SE2d 915). "Where a declaratory judgment as to a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status, and other relations, commonly expressed in written instruments, the case is not one for declaratory judgment." 16 Am. Jur. 294, Declaratory Judgments, § 20. It has been held that the remedy of declaratory judgment should not be invoked merely to try a disputed issue of fact involved in pending litigation. 68 ALR 119; Maryland Cas. Co. v. Consumers Finance Service of Pa., 101 F2d 514; Aetna Cas. &c. Co. v. Yeatts, 99 F2d 665; Standard Acc. Ins. Co. v. Leslie, 55 FSupp. 134.

The basic question at issue here is whether the plaintiff insurer has shown a controversy between itself and its insured of sufficient immediacy and reality to require the trial court to enjoin the pending tort action for whatever length of time it takes to determine the rights and liabilities of the insurance company under the facts stated. Where the insurer denies coverage and consequently seeks to relieve itself of its obligation to defend a pending suit against the insured there is such immediacy of choice imposed upon it as to justify and require the adjudica-

tion. *St. Paul Fire &c. Ins. Co. v. Johnson*, 216 Ga. 437 (117 SE2d 459). But where the only question at issue is whether the plaintiff is a primary insurer or only liable as an excess carrier, the petition shows no cause of action because it does not show that its action in the premises would jeopardize any of its rights. *Phoenix Assurance Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530, supra. Whether it be a primary or excess carrier, its obligation to defend its insured is the same. *National Surety Corp. v. Dunaway*, 100 Ga. App. 842 (112 SE2d 331). Had this plaintiff insured no automobile except the Plymouth this petition would show a cause of action for declaratory judgment because the question would be clearly coverage or no coverage, depending on whether or not Russell Watson was driving the Plymouth. But this plaintiff shows no controversy with its insured as to coverage, or as to the construction of the insurance policy. It admits that it must defend L. E. Watson and Robert West. It impliedly admits it must do this regardless of which factual situation exists. It admits that it is or may be liable for a judgment regardless of the disputed fact situation. It admits that no demand has been made upon it to defend Russell Watson, so there is no controversy as to either the coverage or the persons involved. The ultimate determination of the amount of its liability may be affected by this fact, but under *Phoenix*, supra, that fact does not entitle it to a declaration of rights now. What this plaintiff really seeks to know is not *whether* it should defend its insureds, but *how* it should defend them. There is some suggestion in the brief of counsel that this question is important to its present rights because if, for example, it defended West as the driver of the Pontiac and it developed on the trial of the damage suit that West was in fact the driver of the Plymouth, the liability of the insurer might be increased, and if it undertook a defense of the action against L. E. Watson generally it might later be estopped to contend that the exclusion clause relieving it of liability as to an automobile driven by Russell Watson remained effective.

"A liability insurer, which with knowledge of a ground of forfeiture or noncoverage under an insurance policy assumes and conducts the defense of an action brought against the insured, is

thereafter estopped in an action upon the policy from asserting such forfeiture or noncoverage. However, the insurer may avoid the estoppel by giving timely notice fairly informing the insured that, notwithstanding its defense of the action, it disclaims liability and does not waive the defenses available to it against the insured." *State Farm Mut. Auto. Ins. Co. v. Anderson*, 104 Ga. App. 815 (123 SE2d 191). It is equally true that "if there are multiple grounds for the claim against the insured, some grounds being within policy coverage and some not, the insurer by defending the action on all grounds, is not estopped from asserting a defense under the policy against the insured if recovery against the insured is on a ground outside the policy coverage." 29A Am. Jur. 578, § 1465. See also 38 ALR2d 1179; Kabinski v. Employers' Liability Assur. Corp., 123 N.J.L. 377 (8 A2d 605); Sweeney v. Frew, 318 Mass. 595 (63 NE2d 350); Putnam v. Employers Liability Assur. Corp., 90 N.H. 74 (4 A2d 353). That estoppel should not result where it is manifestly impractical to defend against the claim of the injured plaintiff without also undertaking a general defense on other issues, although they may not be within the terms of the policy, see Zaslow v. Hartford Acc. & Indemnity Co., 11 NYS2d 313.

Therefore, since the insurer has a duty to defend L. E. Watson and Robert Lee West in any event, and since the amount as well as the existence of its liability in this regard is one of the issues to be determined in the tort action, the defendant does not under either theory contended for show a present state of facts that an adjudication of its rights prior to the trial of the tort action is necessary to relieve it from the risk of taking undirected action which, without such direction, would jeopardize its interests. *Pinkard v. Mendel*, 218 Ga. 487, supra.

■ The petition alleges that plaintiff had in force a public liability policy on the 1961 Plymouth automobile belonging to L. E. Watson which specifically excluded coverage on the vehicle while being driven by Russell Watson and that "a copy of said insurance policy, together with endorsements attached thereto, with only the limits of liability in said policy and the premiums excluded therefrom" is attached to the petition. From the exhibit it appears the policy was issued on July 2, 1961, for a term of

one year and that an endorsement signed by the insured showing effective date of August 1, 1961, was attached reading as follows: "It is agreed that such insurance as is afforded by the policy does not apply to any automobile while operated by Russell Watson." No premium payment charges appear on either the policy or the endorsement. No demurrers were filed before the appearance day, but some time thereafter defendants moved to dismiss the petition on the ground no cause of action was set out. It is contended that the action of the trial court dismissing the petition is also correct for the reason that the endorsement was attached after the insurance contract was issued, was without any consideration, and was therefore invalid to operate as a modification of the original contract of insurance under which, without the endorsement, Russell Watson would have been an insured if operating either automobile under the facts alleged in the petition in the tort action.

It is obvious that, although the petition fails to show the particular consideration, if any, for the endorsement which was added by agreement of the contracting parties, neither does it show any facts authorizing the inference that it was in fact without consideration. There is a general allegation that the contract was "in force" and that it included the provision in question, which it could not do if such provision was itself invalid. The question presented is not whether the plaintiff's petition is perfect in matter of .form but whether it is so lifeless that had there been a trial on the merits without any demurrer or motion, a motion in arrest of judgment would thereafter lie because no cause of action was set out. *Kelly v. Strouse*, 116 Ga. 872 (43 SE 280) ; *Gunby v. Turner*, 194 Ga. 378 (2, 5) (21 SE2d 640). " 'To be subject to general demurrer, a petition must be utterly lifeless.' . . While a plaintiff's petition on demurrer thereto will be construed most strongly against him, yet it must be construed as a whole (*Thomson Development Co. v. Crutchfield*, 161 Ga. 448, 131 SE 154) ; and the final test of the sufficiency of a petition to withstand a general demurrer is whether the defendant can admit all that is alleged therein and at the same time escape liability altogether." *Johnson v. John Deere Plow Co.*, 214 Ga. 645, 647 (106 SE2d 901). Where a petition

has all the requisites to make it good in substance save that it omits to allege some fact essential to raise the duty involved in the cause of action which the pleader evidently intended to declare upon, it is amendable by supplying the omitted fact; therefore, such an omission "being an amendable defect and therefore, not such as a verdict would fail to cure or such as would authorize a motion in arrest of judgment . . . did not render the petition subject to be dismissed on motion." *Harris v. A. C. L. R. Co.*, 25 Ga. App. 835 (1) (104 SE 924).

Acknowledging that a modification of an insurance policy which deprives one party of a valuable right without any corresponding benefit to him or detriment to the opposite party would be invalid, and assuming without deciding that a consideration would be necessary to the validity of the endorsement, nothing in the petition affirmatively shows a lack of consideration so as to render it dismissible on motion made on the sole ground that no cause of action is set out. "A contract . . . will not be held invalid on demurrer, unless the invalidity appears upon its face." *Allen v. Sams*, 31 Ga. App. 405 (1) (120 SE 808). The ruling in *Davis & Co. v. Morgan*, 117 Ga. 504 (43 SE 732, 61 LRA 148, 97 ASR 171) involved a question not of pleading but of evidence. In *Slaten v. College Park Cemetery Co.*, 185 Ga. 27 (193 SE 872) examination of the record reveals that a timely special demurrer was filed on the ground that an amendment to the answer "attempts to set forth a subsequent agreement between plaintiff and defendant and [to] allege satisfaction of such contract, which subsequent agreement is not based upon any new or valuable consideration." Had such a special demurrer appeared in this record a different question would be presented, but, as against a general motion to dismiss, the petition cannot be held to show on its face that the endorsement was invalid.

The trial court did not err in dismissing the petition as to all defendants.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*