### 53725. EBERHARDT et al. v. UNIGARD MUTUAL INSURANCE COMPANY.

BANKE, Judge.

Timothy Eberhardt and Allstate Insurance Company brought this declaratory judgment action against Unigard Mutual Insurance Company to determine whether Eberhardt is insured under the omnibus clause of an automobile liability insurance policy issued by Unigard. They also sought to stay certain tort actions pending against Eberhardt until the issue of coverage under the Unigard policy, and Unigard's consequent obligation to defend the tort actions, has been resolved. The plaintiffs appeal the dismissal of the action for failure to state a claim on which relief can be granted.

Unigard issued the policy in question to John Zanes, providing coverage for a 1964 Falcon automobile, possession of which Zanes had given to his niece.

Eberhardt was chauffeuring the niece in this automobile when it was involved in a collision, resulting in the initiation of the tort actions against him which plaintiffs seek to stay. Unigard takes the position that Eberhardt is not covered by the omnibus clause in Zanes' policy because he was not operating the vehicle within the scope of Zanes' permission at the time of the collision. Allstate, which has issued an automobile liability insurance policy providing coverage to Eberhardt, contends that Eberhardt is covered by the Unigard policy and that Unigard's coverage is primary to any coverage Eberhardt may have under the Allstate policy.

The dismissal of the declaratory judgment action was authorized. "[I]n order to be entitled to a declaratory judgment the plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." *Phoenix Assur. Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530 (114 SE2d 389) (1960). Neither plaintiff has shown such circumstances in this case. The insured, Eberhardt, will lose nothing by defending the tort actions against him, whether or not he is later determined to have coverage under the Unigard policy. See *U. S. Cas. Co. v. Ga. S. & F. R. Co.,* 95 Ga. App. 100, 103 (97 SE2d 185) (1970); *Residential Developments, Inc. v. Merchants Indem. Co.,* 122 Ga. App. 503 (177 SE2d 715) (1970). Similarly, Allstate is obligated to defend the tort actions against Eberhardt, whether it is found to be a primary or merely an excess carrier. *National Surety Corp v. Dunaway,* 100 Ga. App. 842 (112 SE2d 331) (1959). Therefore, no such immediacy of choice is imposed upon it as to justify an action for declaratory judgment. *U. S. Fidelity &c. Co. v. Watson,* 106 Ga. App. 748 (1) (128 SE2d 515) (1962).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 25, 1977.

*Sartain & Carey, Jack M. Carey,* for appellants.
*Robinson, Harben, Armstrong & Millikan, Emory F. Robinson, Troy R. Millikan,* for appellee.