A89A2217. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. ASTRO LEASING, INC.
(390 SE2d 885)

BIRDSONG, Judge.

Appellant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm Mutual), appeals the trial court's order granting directed verdict to appellee Astro Leasing, Inc. et al. in a declaratory judgment action.

Appellee Richard Meagher (hereinafter Meagher) entered into a rental agreement with appellee Astro Leasing, Inc. d/b/a Budget Rent-A-Car of Athens, Georgia (hereinafter Astro). The rental contract listed additional drivers as "NONE."

Astro was insured by Reliance Insurance Company under a policy

which, with certain exceptions not here applicable, listed Astro and anyone else using an Astro automobile with Astro's permission as "insured" under the terms of the policy. Moreover, the Astro policy contained an exclusion pertinently stating "This policy does not apply: (a) to the rentee while such auto is used or operated in violation of the terms and conditions of the rental agreement under which such auto is rented." The rental agreement expressly provided that "Vehicle shall not be used or operated by any person: (a) Other than Renter or any Additional Driver who is shown on the other side and has Renter's prior permission." The agreement further provided that "All of the benefits given to Renter and all of BUDGET's obligations under this Agreement, including but not limited to insurance coverage, are void if Vehicle is used or operated in violation of this Agreement."

Meagher is a named insured under a State Farm Mutual policy that provides for automobile liability coverage with bodily injury limits of $100,000 each person and $300,000 each accident, and property damage limits of $25,000.

Subsequently, Meagher gave his wife permission to drive the rental vehicle, and she was involved in a collision while driving it. Certain people are alleged to have been injured in this collision, and they have initiated suit. State Farm Mutual, while admitting its obligation at least as an excess insurer and its duty to defend Meagher, asserted that Astro's insurer is the primary insurer under the terms of its policy with Astro. Astro contested any such obligation, and State Farm Mutual initiated a suit for declaratory judgment which is the subject of this appeal. Reliance Insurance Company was not made a party to the declaratory judgment action. *Held*:

Appellant State Farm Mutual asserts that the trial court erred in dismissing its complaint for lack of standing because its action can be properly maintained under the declaratory judgment act.

The trial court in granting directed verdict for Astro, by implication concluded appellant has no standing to seek declaratory judgment, and based its ruling on *Eberhardt v. Unigard Mut. Ins. Co.*, 142 Ga. App. 102 (235 SE2d 616) and *Zurich Ins. Co. v. New Amsterdam Cas. Co.*, 117 Ga. App. 426 (160 SE2d 603). Appellee Astro further directs this court's attention to *United States Fidelity &c. Co. v. Watson*, 106 Ga. App. 748 (128 SE2d 515) in support of the trial court's ruling. Appellant State Farm Mutual, however, asserts that these cases were effectively overruled by the holding of the Supreme Court in *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 258 Ga. 800 (375 SE2d 221).

*Atlantic Wood Indus.* is distinguishable from the facts before us, as in that case declaratory judgment was brought by the *insured* to determine the obligation of the insurers to defend an action pending

against the insured. The holding in *Atlantic Wood Indus.* was narrow in scope, establishing that "insureds should have the same opportunity as insurers to determine in advance the scope of policy provisions." Id. at 801. In the case sub judice, declaratory judgment was sought by an insurer, not by an insured. Moreover, *Atlantic Wood Indus.* does not expressly overrule either of the cases relied upon by the trial court. By implication, *Atlantic Wood Indus.* overruled the holding of this court in *United States Cas. Co. v. Ga. S. &c. R. Co.*, 95 Ga. App. 100 (97 SE2d 185) to the extent that the latter was in conflict with the holding that "insureds should have the same opportunity as insurers to determine in advance the scope of policy provisions." See generally *Atlantic Wood Indus.*, supra at 801. The limited scope of the Supreme Court's ruling was further clarified by this court in the subsequent case of *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 190 Ga. App. 814 (380 SE2d 504), wherein we expressly held, "[s]uch decisions of this court as hold that declaratory relief is not available to an *insured*, including but not necessarily limited to *United States Cas. Co. v. Ga. S &c. R. Co.*, supra, and *Residential Dev., Inc. v. Merchants Indemn. Co.*, 122 Ga. App. 503 (177 SE2d 715) . . . are hereby overruled and will no longer be followed." Clearly, the intent of the Supreme Court, as interpreted by this court, was not to overrule these and any similar cases in toto, but only to the extent they conflicted with the specific holding that insureds should have the same opportunity as insurers to determine in advance the scope of policy provisions. While a decision may be overruled directly or impliedly, as by a refusal to apply it in subsequent cases, "[t]he overruling or reversal of one proposition of a decision does not argue unsoundness therein as to other separate and distinct propositions declared thereby." 21 CJS, Courts, § 194. Accordingly, we find that *Atlantic Wood Indus.*, supra, did *not* overrule *Eberhardt, Zurich Ins. Co.*, or *United States Fidelity &c. Co.*

In *United States Fidelity &c. Co.*, supra at 751, this court held that "where the only question at issue is whether the plaintiff is a primary insurer or only liable as an excess carrier, the petition [for declaratory judgment] shows no cause of action because it does not show that its action in the premises would jeopardize any of its rights. [Cit.] Whether it be a primary or excess carrier, its obligation to defend its insured is the same." In *Eberhardt*, supra at 103, this court, citing *National Surety Corp. v. Dunaway*, 100 Ga. App. 842 (112 SE2d 331), held that "Allstate [the insurer initiating the declaratory judgment action] is obligated to defend the tort actions against [its insured], whether it is found to be a primary or merely an excess carrier." Thus, the court, citing *United States Fidelity &c. Co.*, supra, concluded that "[t]herefore no such immediacy of choice is imposed upon [the insurer Allstate] as to justify an action for declaratory judg-

ment." *Eberhardt*, supra at 103. Moreover, in *Zurich Ins. Co.*, supra at 426 (3), it was held that "[a]n insurer with liability limited to excess coverage only, and which has retained the right by its policy provisions [as has been done in the case sub judice] to be subrogated to all the remedies of its insured, is not precluded by the fact that it defended its insured and paid off the judgment against it to claim indemnification from another [primary] insurer. . . ." Thus, State Farm Mutual will not be placed in a fundamentally unfair position merely by being *denied* the opportunity, by way of declaratory judgment, to obtain a ruling as to whether it is the primary or excess insurance carrier in this case.

We are satisfied that the pertinent principle of law contained in *Eberhardt, Zurich Ins. Co.*, and *United States Fidelity &c. Co.* is controlling in view of the facts in the case sub judice. Under the doctrine of stare decisis " 'when [a] court has . . . laid down a principle of law as applicable to a certain state of facts, it will adhere to that principle, and apply it to all future cases, where facts are substantially the same.' " *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684, 686 (333 SE2d 835). "Stability and certainty in law are desirable; stare decisis is a valid and compelling basis of argument." *Hall v. Hopper*, 234 Ga. 625, 631 (216 SE2d 839). We are mindful that in certain instances "stability must give way to justice" (*Hall*, supra at 632; *Leggett v. Benton Bros. &c. Co.*, 138 Ga. App. 761, 764 (227 SE2d 397)); however, this is not such a case. Accordingly, we find no basis for abandoning the applicable legal precedent found in *Eberhardt, Zurich Ins. Co.*, and *United States Fidelity &c. Co.*, and conclude that the trial court did not err as alleged.

In view of this holding, we need not address appellant's remaining enumerations of error.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 5, 1990 —
REHEARING DENIED FEBRUARY 14, 1990 — 

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., James A. Dunlap, Jr.*, for appellant.

*Edward D. Buckley III, Bonzo C. Reddick, Blasingame, Burch, Garrand & Bryant, Andrew J. Hill III*, for appellee.